(46 South. 912.)

No. 16,905.

WHITWORTH v. SOUTH ARKANSAS LUMBER CO., Limited.

(May 25, 1908.  Rehearing Denied June 29, 1908.)

1. PLEADING—BILL OF PARTICULARS.

Whenever the defendant is sufficiently apprised of the cause of action, a bill of particulars is not necessary.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 949, 954.]

On the Merits.

**2. MASTER AND SERVANT—INJURY TO SERVANT.**

There was a broken "nick" at or near the outer edge of the coupling, and at this break the shaft was particularly dangerous.

The defendant was caught by the fast revolving shaft. He was a workman, and had to stand near the shaft. While revolving, the "nick" in the coupling could not be seen.

**3. SAME—WITH OWNER'S CARE.**

The owner must manage to keep his machinery in order.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 252.]

**4. SAME—RISK NOT ASSUMED.**

The workman will not be held to have assumed the risk, as the broken "nick" was not such a defect as he must be held to have seen.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 574–600, 610–624.]

**5. SAME—CONTRIBUTORY NEGLIGENCE.**

The plea of contributory negligence is not sustained by the testimony.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 988–996.]

**6. SAME—INJURY TRACED TO BREAK IN COUPLING.**

It devolved upon the master to furnish appliances in good order. Defendant is liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 203.]

(Syllabus by the Court.)

Appeal from Fifth Judicial District Court, Parish of Jackson; George Wear, Judge.

Action by G. W. Whitworth against the South Arkansas Lumber Company, Limited. Judgment for plaintiff, and defendant appeals. Affirmed.

Barksdale & Barksdale, for appellant. Clayton, Hawthorn & Atkinson, for appellee.

BREAUX, C. J. This is a personal injury suit for $10,000 damages.

Plaintiff was one of defendant's employés at its sawmill. His work consisted in "tripping" lumber from the live rollers of the sawmill to the edger.

Between him and the live roller table, where he was standing while at work, there was a rapidly revolving shaft on the side of the table. It is the live roller shaft.

These rollers are turned by cogs set on the shaft connected at right angles with similar cogs at each roller.

The shaft is of some length, about 50 feet, and consists of different pieces held together by collars and couplings.

The slabs and boards from the mill are borne on the long table by the live rollers moved by this shaft.

Plaintiff stood beside the shaft and coupling to keep the table cleared.

The slabs rolled along to the end of the table, while the merchantable lumber on the roller table, by use of the device known as the "tripper," was made to change direction (from straight to right angle) to the edger. Through the edger it passes and is cut in desired dimensions.

It happened that a board or slab had to be pushed on the table because there was obstruction. It had stopped on the way. To thus push it on, plaintiff had an iron hook, in length about 14 inches, with which he moved the obstruction. That was part of his duty as a workman.

This slab clogged the rollers and had to be removed—pushed on. Plaintiff reached over to remove it, using, at the same time, the device in question known as the "hook." This brought him in contact with the driving shaft. His clothing was caught in a rough, broken, and exposed joint of the shaft. Before the engine could be stopped, his clothing was wound up around the shaft. He was violently pressed against the shaft and the live roller table and tightly held by his clothing until the clothing was cut loose.

Plaintiff averred that he was thereby crippled, bruised, and mangled, was made unconscious for a number of minutes, was confined several weeks to his bed, and suffered intense physical and mental pain, and after several weeks of sickness he left his sick bed suffering from the effects of the injuries received.

An exception of no cause of action was

filed, and a motion to compel plaintiff to set out the nature of the injuries complained of in order (as plaintiff in motion alleged), to enable defendant to prove that they were not caused by the accident, and further to enable the defendant to compel the plaintiff to set out the several amounts claimed by him (plaintiff) for the several items and elements of damages; in other words, to compel him to specifically set forth the nature and extent of his demand. We leave the exception for the time being in order to state the nature of the defense on the merits.

The defense on the merits is (preliminarily stated) that plaintiff was intelligent and a man of experience in sawmill work.

That he was familiar with the appliances used by him, alleged to have been defective.

He had knowledge of the dangers and risks of the work and assumed them, and, these being the facts, there was no ground for his demand.

Further, that it was gross negligence on his part to lean upon and against the revolving shaft, which was in plain, open view.

The exception of the defendant before noted presents the first issue for decision.

The defendant had the right to specific declaration of the different items claimed to a certain extent. Plaintiff should disclose the particulars of the cause, but this does not include the right to compel plaintiff to disclose every particular fact. He might be made to disclose in what respect he was hurt; but this would not involve the necessity of describing all his ailments, unless it is evident that this disclosure was necessary to enable the defendant to make out its defense.

There is precedent upon the subject holding that, whenever the defendant is sufficiently apprised of the cause of action, then a bill of particulars, or the like, is not necessary. Ency. of Pleading & Practice, vol. 16, p. 409.

Furthermore, the cause is now before us on appeal. All of the facts are before us, and from them we glean that the plaintiff has not been advantaged in any way by the court's order overruling defendant's exception. That which may have been sufficient ground originally to dismiss the suit may not be sufficient ground after the case has been heard.

If the suit had been dismissed because the plaintiff had refused to amend, it, perhaps, would not afford a ground for complaint; but where, on the contrary, the exception has been overruled, and the whole case as presented on the merits does not show that the action of the district court was prejudicial, we do not think that we should now dismiss the suit on the ground urged in the exception.

### On the Merits.

No question but that the burden of proof is in this case on plaintiff to show that the defective coupling was the proximate cause of the accident.

This burden has been met. Plaintiff shows by his testimony that his foot missed the device that stopped the live rollers, and, in consequence, he fell against the coupling. There was a brake near the end of the coupling by which defendant was caught.

A different issue would be presented if he had been leisurely leaning against the shaft.

The evidence on that point is to the contrary.

Again, defendant urged that, although the shaft is smooth, and though the couplings have no rough or broken places in them, they may catch the clothing of any one standing near, twist it around, and thereby cause a serious, if not fatal, accident; that is, this shaft is always dangerous.

That is, doubtless, quite true, and shows the greater necessity on the part of defendant to have the shaft and coupling inspected in order to avoid adding to the danger.

The averment that, owing to plaintiff's familiarity with the appliances of a sawmill, he was aware of the defect, or should have been aware of the defect, cannot be of any avail in this instance, for the only testimony there is upon the subject is that plaintiff did not know that there was a rent or break in the coupling.

There is no rule under which the court will hold that he should have known of this broken place, particularly as he was only a millhand who had naught to do with the supervision and inspection of the appliances.

But the contention of defendant is that plaintiff should have complained of this break, or should have refused to continue with his work.

Granted for a moment that he did know of the break, the answer to the contention is, workmen would sometimes make themselves very disagreeable if they insisted in pointing out defects or in asking for repairs of broken pieces of machinery, although those in charge did not see proper to make them. If they left on that account hastily, they would find themselves without work.

They are held to have had knowledge in case of a patent and threatening danger of which they are well aware.

The following are pertinent authorities:

Defendant failed to warn plaintiff was one of the issues in the case cited infra. In the case here no warning had been given to plaintiff by defendant and no instruction. Daly v. Kiel, 106 La. 170, 30 South. 254; Lindsey v. Lumber Company, 108 La. 468, 32 South. 464, 92 Am. St. Rep. 384; Hailey v. R. R. Co., 113 La. 533, 37 South. 131.

The owner must manage to keep machinery in order, or else in case of accident he is exposed to liability. That is another issue settled by repeated decisions. Clairain v. Western Union Telegraph Co., 40 La. Ann. 178, 3 South. 625; Williams v. Lumber Co., 114 La. 805, 38 South. 567; Moses v. Grant Lumber Co., 114 La. 933, 38 South. 684; Roff v. Summit Lumber Co., 119 La. 571, 44 South. 302.

If the defendant knew of the danger, it should have applied the remedy. If it did not know, plaintiff cannot be held negligent because he did not know that which defendant should have known. Carter v. Lumber Company, 113 La. 239, 36 South. 952.

There is such a thing in law as constructive knowledge to which defendant must be held. Its foreman and the man at work in oiling the machinery should have known of the break. Myhan et ux. v. Electric Light & Power Company, 41 La. Ann. 964, 6 South. 799, 7 L. R. A. 172, 17 Am. St. Rep. 436; Burns v. Cypress Company, 114 La. 247, 38 South. 157.

The cause, as made to appear by the record, is not that of one who wantonly exposed himself. The cause finds support in Stucke Case, 50 La. Ann. 172, 23 South. 342; Smith v. Lumber Company, 114 La. 1035, 38 South. 821.

Now, as to the amount of damages:

There is some similarity between this case and the Broadfoot Case, 111 La. 467, 35 South. 643, in which plaintiff was whirled around by a fast revolving shaft.

Plaintiff was not whirled around, though he was severely shaken. None of his limbs were broken.

Plaintiff cited this last case as a precedent which would justify allowing larger amount in damages.

In the cited case, the injuries were of a very serious character. Plaintiff's limbs were broken. Here no limbs were broken. There were severe bruises suffered from which plaintiff has recovered.

After consideration, we have concluded to decline granting an increase in damages.

The law and the evidence being with plaintiff, for reasons stated, the judgment is affirmed.