(108 So. 769)

No. 26826.

**NEWTON v. NATIONAL LIFE INS. CO. U. S. A.**

(May 3, 1926. Rehearing Denied May 31, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Insurance ⬅362.**

Insurer's refusal to accept payment of dues when tendered *held* to absolve insured from any further duty to pay them.

**2. Insurance ⬅525—Insured held "confined," and entitled to compensation under sick benefit policy while incapacitated for work, though he was able to visit office of attending physician for treatment.**

Insured *held* "confined" within accident and sick benefit insurance policy, and entitled to compensation thereunder, while incapacitated from illness for work of any kind, though he was able to visit office of attending physician for treatment, since "confined" in this connection means inability to work rather than physical inability to leave house.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Confine—Confinement.]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Alex Newton against the National Life Insurance Company U. S. A. Judgment for plaintiff, and defendant appeals. Affirmed.

Lawrence M. Janin, of New Orleans, for appellant.

Frank S. Normann, of New Orleans, for appellee.

BRUNOT, J. This is a suit on an accident and sick benefit policy of insurance. Under the terms of the policy the insured is entitled to recover $10 per week on account of sickness or accident for a period of 104 weeks. The petition alleges that on November 15, 1920, plaintiff became afflicted with a serious illness; that prior to that time he was in good health; that his affliction has become chronic, and, since November 15, 1920, he has been confined and totally disabled by reason thereof; that from the date of his illness until July 2, 1921, or for a period of 8 months, defendant accepted the premiums, which were paid by petitioner according to the terms of the policy, but on July 15, 1921, the defendant returned the premium paid by plaintiff on July 2, 1921, and has since then refused to accept from plaintiff the tendered premiums due on said policy since that date; that defendant paid to plaintiff the weekly sick benefit of $10 per week, as is provided by the policy, for the first 7 weeks of plaintiff's illness, but thereafter refused to make any further payments to him, and at the date of the institution of this suit defendant was indebted to plaintiff in the sum of $970, for which sum he prays for judgment.

To plaintiff's petition, the defendant filed exceptions of lis pendens, vagueness, and no right or cause of action. These exceptions were overruled, and defendant's answer is, in effect, a general denial. It is averred in the answer that the policy lapsed on July 18,

1921, for nonpayment of premiums; that, after paying the stipulated sick benefits for 7 weeks, the defendant's physician reported that plaintiff was not confined to his bed or house, as is expressly provided by condition 2 of the policy, and thereupon defendant rejected the claim of plaintiff for further weekly payments; that on June 18, 1921, plaintiff presented another claim for weekly payments under the terms of the policy, but defendant's physician again reported that plaintiff was not confined to his bed, and refused to be examined by defendant's physician, and for these reasons defendant rejected plaintiff's demand.

The real issue in the case involves an interpretation of condition No. 2 of the policy. This condition is as follows:

"Weekly benefits at the rate specified in the schedule will be paid each seven days (a) for each day that the insured is by reason of illness under the care of a physician and necessarily confined to bed, except that, where the insured is a male whose place of employment is away from his residence, confinement within the house and medical attention therein, if preceded by at least one week's confinement to bed, shall be sufficient, or (b) for each day that the insured is by reason of accidental injury, of which there is external evidence, disabled from performing work of every nature; provided in each case, (a and b) such confinement or disability is not less than four consecutive days and a certificate is furnished by a duly licensed and practicing physician as herein provided. Benefits for accident will not be paid for any period for which benefits are payable for illness, and the total period for which benefits will be paid under this policy for any one illness (insanity excepted) or accident is two years."

[1] It is not necessary to discuss defendant's allegation that the policy lapsed for the nonpayment of dues, because payment thereof was tendered to the defendant, and defendant refused to accept these payments. In fact, defendant did accept the payment made on July 2, 1921, but, thinking better of the matter, at a later date, viz. July 15, 1921, it refunded this payment to the plaintiff. The conduct of the defendant with reference to these payments rendered it impossible for plaintiff to make them according to the terms of the policy, and by defendant's own act he was absolved from any further duty in the premises.

[2] The district judge found as a fact that plaintiff's illness incapacitated him from work of any kind, and while the plaintiff frequently visited the office of his attending physician for treatment, he construed the word "confined" as used in the policy to mean inability to do work rather than physical inability to leave the house. We think this interpretation was correct, especially as plaintiff was totally incapacitated for 7 weeks, and was paid by the defendant $70 or $10 per week for those 7 weeks, and because condition No. 2 of the policy reads:

"That where the insured is a male whose place of employment is away from his residence, confinement within the house and medical attention therein, if preceded by at least one week's confinement to bed, shall be sufficient."

There is nothing in this record to show where the plaintiff resided when he suffered the affliction for which the weekly payments are demanded. Under these circumstances we think the judgment appealed from is correct, and it is therefore affirmed, at appellant's cost.