stop or go around the object to avoid striking it.

To hold that a person driving a relatively new car with effective lights, maintaining a proper lookout and driving at a reasonable rate of speed, could not see a dead yearling stretched out on the paved road in time to stop or avoid striking it, when there was nothing to interfere with his vision, does not conform to the well-established rule of requiring drivers to use ordinary care in the operation of their machines.

I am of the opinion that the judgment of the Court of Appeal is correct, and respectfully dissent.

170 So. 4

**LEWIS v. LIBERTY INDUSTRIAL LIFE INS. CO., Inc.**

No. 33911.

June 30, 1936.

Rehearing Denied Oct. 6, 1936.

Lewis R. Graham and Harry R. Cabral, both of New Orleans, for Alma Lewis.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for Liberty Industrial Life Insurance Co.

HIGGINS, Justice.

This is an action by a curatrix of an interdicted woman, to recover certain disability payments alleged to be due the interdict under a policy insuring her against disability from sickness or accident, subject to the conditions expressed in the policy. The defenses are:

(1) That insanity is not a sickness within the contemplation of the contract.

(2) That the contract expressly requires the claimant to be confined to her bed, as a condition precedent to recovery, and that the insured has not been confined to her bed.

There was judgment in favor of the defendant, dismissing the suit on the ground that the policy never covered mental disability unaccompanied by physical incapacity. Plaintiff appealed.

The judges of the Court of Appeal for the Parish of Orleans unanimously agreed that the insured's mental infirmity was a sickness within the meaning of the policy, but two of the judges concluded that, since the policy provided that the insured be "necessarily confined to bed" and because she was not so physically ill to make that necessary, she was not entitled to recover. They, therefore, affirmed the judgment of the trial court and dismissed the suit, one of the judges dissenting. We granted a writ of certiorari, and the matter is before us for review.

Our views are in accord with those expressed in the opinion of the Court of Appeal, to the effect that insanity is not excluded from the policy, but is a sickness included within its provisions. 166 So. 143. A number of authorities are cited in the opinion of the Court of Appeal to sustain that interpretation.

The main controversy arose over the proper construction to be placed upon the following language:

"Weekly benefits for sickness will only be paid for each period of seven consecutive days that the insured is, by reason

of illness, *necessarily confined to bed* and that he shall remain under the professional care of a duly licensed and practicing physician." (Italics ours.)

■ The majority opinion of the Court of Appeal placed a technical construction upon this clause favorable to the defendant, to the effect that the language is clear and unambiguous, and as the insured was not confined to bed, there could be no recovery, although the defendant concedes her absolute total disability. The case of Newton v. Nat. Life Ins. Co., 161 La. 357, 108 So. 769, 770, was discussed and distinguished, but we are of the opinion that this differentiation is not sound. In that case the claimant had been confined to his bed and home, but when he was well enough to go to the doctor's office for attention, the insurance company declined to make further payments, because the policy required him to be confined to his home. In affirming the judgment of the lower court, we said:

"The district judge found as a fact that plaintiff's illness incapacitated him from work of any kind, and while the plaintiff frequently visited the office of his attending physician for treatment, he construed the word 'confined' as used in the policy to mean inability to do work rather than physical inability to leave the house. We think this interpretation was correct, especially as plaintiff was totally incapacitated for 7 weeks, and was paid by the defendant $70, or $10 per week for those 7 weeks, and because condition No. 2 of the policy reads:

" 'That where the insured is a male whose place of employment is away from his residence, confinement within the house and medical attention therein, if preceded by at least one week's confinement to bed, shall be sufficient.' "

■ The author of the dissenting opinion in the instant case comments upon this authority, and we quote that opinion with approval:

" 'All things that are not forbidden by law, may legally become the subject of, or the motive for contracts.' Rev.Civ.Code, art. 1764. An insurance contract is no different from any other contract and represents the agreement between the insured and the insurer. There is no reason why an insurance company should not stipulate that its liability be dependent upon the insured being confined to his house, or to his bed, or to a hospital, or any other lawful condition. The theory on which the courts have held that there may be recovery on an insurance contract, in which liability is dependent upon continuous confinement to the insured's house, when, as a matter of fact, he is not so confined, is that it was the intention of the parties to the contract to express, by the words 'continuous confinement to the house,' a degree of disability or incapacity. By a parity of reasoning, necessary confinement to bed should be held to mean another degree of incapacity or disability, which, in the instant case, is superlative, for no greater incapacity can be

imagined than insanity. In neither case does the insured meet the conditions imposed by the literal terms of the policy. Therefore, where the liberal rule or construction has been applied to policies of this kind, and the cases are numerous, the basis of the holding must have been that the fair intent of the policy contract was to insure against disability, the degrees of which were expressed by the words concerning confinement to house or bed. It is my understanding that this was expressly held in Newton v. National Life Ins. Co., 161 La. 357, 108 So. 769."

There can be no doubt that it was the intention of both parties that, in consideration of the payment of the premiums, if the insured were totally disabled, she would be entitled to the benefits provided for in the policy. Her absolute disability or incapacity is conceded. The purpose of the clause in the policy requiring the insured to be confined to the house or to bed is to make certain of the disability and to protect the insurer against imposition. The medical testimony shows that it is to the advantage of the patient, due to her type of sickness, not to be confined to bed or to her room. If we were to interpret the policy as contended for by the defendant, in every instance where an insured suffered from a sickness which responded favorably to medical treatment that required the patient to leave the bed and house, it would mean that the benefits of the policy would be forfeited as a result of the insured's efforts to be cured.

We are of the opinion that the Newton v. Nat. Life Ins. Co. Case, supra, is in

point and decisive of the issue here presented. See also authorities cited in the Court of Appeal majority opinion.

For the reasons assigned, the writ of certiorari is perpetuated, the judgments of the Court of Appeal and the district court are annulled and set aside, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of Alma Lewis, curatrix of the interdict, Lillian Fisher or Lillian Anderson, plaintiff herein, and against the defendant, Liberty Industrial Life Insurance Company, Inc., in the sum of $400, with legal interest from judicial demand until paid, and all costs of court.

O'NIELL, C. J., and ODOM and BRUNOT, JJ., dissent.

ODOM, Justice (dissenting).

I think the judgment of the Court of Appeal should be affirmed, not because I think insanity is not illness or sickness, but because the insured has never been confined to her bed. The policy of insurance in this case, which is the contract between the parties, says that: "Weekly benefits for sickness will only be paid for each period of seven consecutive days that the insured is, by reason of illness, necessarily confined to bed, and that he shall remain under the professional care of a duly licensed and practicing physician."

If the policy contract had gone no further than to say that the insured should

be compensated for time lost by reason of illness or sickness, it would be clear to me that plaintiff should be allowed to recover. That, however, is not what the policy says. But that is what the majority of my associates say the policy means.

In so holding they give the policy a meaning which cannot be reasonably inferred from its language, and in so doing they have, in effect, rewritten the contract between the parties.

Presumably the insured paid a premium commensurate with the protection afforded by the policy. She could no doubt have procured a policy protecting her against disability due to sickness, whether of such nature as to confine her to her bed or merely to render her unable to attend to any business. But she had no such contract, and certainly she had knowledge of what her contract provided. She knew what she was paying for.

The court, in this case, has departed from several of its decisions holding that an insurance policy is the contract between the parties by which they are bound, and has put itself out of harmony with the jurisprudence of other states, as shown by the numerous authorities cited in the majority opinion of the Court of Appeal.

I dissent, being of the opinion that the judgment of the Court of Appeal, which affirmed the judgment of the trial court, should be affirmed.