ODOM, Justice
 

 (dissenting).
 

 It is admitted that the insured Robert Williams was entitled to benefits under the policy. The only question involved is whether he was entitled to receive bene
 
 *903
 
 fits under “Condition” 2 or under “Condition” 12 of the policy.
 

 Condition 2 of the policy reads as follows :
 

 "2. Weekly benefits for sickness will only be paid for each period of seven consecutive days that the insured is, by reason of illness, necessarily confined to bed and that he shall remain under the professional care of a duly licensed and practicing physician. Weekly benefits for accident will only be paid for each period of seven consecutive days that the insured is, by reason of accidental injury, disabled from work of any nature, provided that there is external evidence of such injury for the time paid. The number of weekly benefits payable under this Policy in any twelve consecutive months is limited to twenty.”
 

 Condition 12 of the policy reads as follows :
 

 “12. One-half of the amount payable hereunder, will be paid for a period not exceeding six weeks for sickness that does not confine the insured to bed, but does confine him or her strictly to the house for seven consecutive days, or for accident that does not totally disable the insured, but does prevent him or her from performing the daily duties essential to his or her occupation for seven consecutive days, provided always that the combined periods for which indemnity shall be paid for total and partial disability as above described under number 2, shall not exceed twenty weeks in any twelve months.”
 

 Paragraph 2 of the agreed statement of facts reads as follows:
 

 “2. That the insured, Robert Williams, while necessarily confined in the Asylum on account of his insanity, was not confined to his bed while in the Asylum.”
 

 Clearly the insured was not entitled to benefits under Condition 2 of the policy because he was not “necessarily confined to bed”. It is equally clear that he was entitled to receive the benefits provided for in Condition 12 because he was “strictly confined to the house” but was not confined to his bed.
 

 There is not the slightest doubt as to the meaning of these provisions of the policy. Their meaning is so clear that they cannot be misunderstood. The sick-benefits are provided for in two separate and distinct paragraphs. Under Paragraph or Condition 2 the beneficiary was entitled to receive certain amounts if necessarily confined to bed, and under Paragraph or Condition 2 was entitled to receive one-half the amount specified in Paragraph 2, “for sickness that does not confine the insured to bed, but does confine him or her strictly to the house”.
 

 According to the agreed statement of facts, the insured in this case, because of his affliction, was confined to the house but not to his bed. In the majority opinion it is held that the insured was entitled to recover the benefits provided for in Paragraph or Condition 2. That holding ignores entirely the express provisions of the policy. It, in effect, writes out of the policy that which is expressly written in its face. The two conditions or clauses are separable. Each provides for benefits for total disability resulting from sickness, the
 
 *905
 
 amount of the benefits depending upon the degree of sickness. For the higher degree of sickness, which is such as to .confine the insured to his bed and which is referred to in Paragraph or Condition 2, the insured was entitled to a certain specified amount. A second or lesser degree of sickness is recognized and provided for in Paragraph or Condition 12. For this second or lesser degree of sickness, which confines the insured to the house but not to his bed, the insured is entitled to only one-half that amount.
 

 In Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 75, 125 A.L.R. 1075, we quoted with approval the following extract from 14 R.C.L., Section 103, pp. 929-931:
 

 “In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligations not inconsistent with public policy; and the courts have no right to add anything to their contracts, or to take anything from them.”
 

 This court has repeatedly held that an insurance policy is the contract between the parties, and, like all other contracts, it is the law between them. Dorsett v. Thomas, 152 La. 60, 92 So. 734; Laporte v. North American Accident Ins. Co., 161 La. 933, 109 So. 767, 48 A.L.R. 1086.
 

 If there were only one clause in the policy providing for benefits in case of disability due to illness, and if the only question involved were whether the insured was entitled to benefits under such provision, I would concur in a ruling that the policy should be liberally construed in favor of the insured. But here there are two separate and distinct paragraphs in the policy, each providing for benefits of á certain amount under certain stipulated conditions. According to the agreed statement of facts, the conditions under which the insured would be entitled to the maximum amount of benefits under the policy do not exist. And, since those conditions admittedly do not exist, the holding that the insured is entitled to the maximum amount is, in my opinion, clearly a violation of the policy contract.
 

 The Court of Appeal held, and I think correctly, that the ruling in the case of Clesi v. National Life & Accident Ins. Co., 195 La. 736, 197 So. 413, is decisive of the issues involved in the present case. In that case, as in the present case, there were two separate and distinct clauses providing for benefits, under one of which the insured was entitled to a certain amount in case of total disability which necessarily confined him to his house. Under the other and separate and distinct clause, he was entitled to a lesser amount in case he was totally disabled but not necessarily confined to his house. The plaintiff in that case claimed the maximum amount. The testimony showed that he was totally disabled but that his disability was not such as to confine him to his house. We held that he was not entitled to the full benefit provided for in the first section of the policy providing for benefits.
 

 
 *907
 
 I do not think that the ruling in the case of Lewis v. Liberty Industrial Life Ins. Co., 185 La. 589, 170 So. 4, 107 A.L.R. 286, is applicable to the case presently under consideration. In that case there were not two separate and distinct conditions or paragraphs in the policy providing for benefits of different amounts. The main question involved in 'that case was whether insanity was “sickness”, and, if so, whether the insured was entitled to any benefit at all in the absence of proof that she was confined to her bed. The amount of the benefit to which the insured was entitled, if any, was not involved in the case. In the case at bar, the only question involved is the amount, and, in order to determine
 
 the
 
 amount, we should, give effect to each of the clauses or conditions in the policy.
 

 For the reasons assigned, I respectfully dissent.