## NATIONAL LIFE INS. CO. v. JAYNE et al.
### No. 798.

District Court, W. D. Oklahoma.

Feb. 9, 1942.

D. I. Johnston and Roy C. Lytle (Keaton, Wells & Johnston), both of Oklahoma City, Okl., for plaintiff.

John II. Cantrell and Joe A. McCloud, both of Oklahoma City, Okl., for defendants.

VAUGHT, District Judge.

The plaintiff prays the recovery of the sum of $6,000.00 representing monthly disability payments made to the defendants under disability provisions of a certain life insurance policy, which payments, it alleges, were paid under false and fraudulent representations made to it that Morris I. Jayne was totally and permanently disabled from June 18, 1936, to date of suit, when in fact he was not so disabled; the further sum of $1,763.50, being the amount of annual premiums due upon said policy, waived and not collected, for the period of time aforesaid because of such false and fraudulent representations; a declaratory judgment adjudging that said Morris I. Jayne is not totally and permanently disabled; that said policy or contract of life insurance be cancelled for nonpayment of premiums and for the fraud perpetrated upon the plaintiff, and that the plaintiff have no further liability thereunder in favor of the defendants, or any of them.

The defendants have moved to dismiss, alleging that this court has no jurisdiction; that said complaint wholly fails to state a claim upon which relief can be granted; that the cause of action for declaratory judgment cannot properly be joined with causes of action for the recovery of money judgment where the alleged basis for the relief in all three instances is identical; and, that the action is barred by the statute of limitations. Said defendants also move to strike paragraph numbered 7 of the complaint because same attempts to present a claim which cannot be adjudicated by this court.

It will be necessary to consider only the first two reasons set out in the motion and they will be considered together.

It is conceded that the requisite diversity of citizenship and amount in controversy are present.

The complaint sets out that on May 23, 1930, Morris I. Jayne was adjudged an incompetent and a guardian appointed for him. In its memorandum brief the plaintiff states:

"The plaintiff is not attacking that judgment collaterally and admits that Mr. Jayne was legally adjudged an incompetent. We are not asking that the judgment of incompetency be impaired. We concede that Mr. Jayne may not legally enter into enforcible contracts, because he is an incompetent. We point out however, that the contract of insurance did not agree to pay monthly sums if the insured had been adjudged an incompetent, but limited its liability to the event that the insured should become 'totally and permanently disabled.' There is a vast difference between the two."

" * * * a person may be adjudged an incompetent and still not be totally and permanently disabled."

" * * * Incompetency is a legal status. Total and permanent disability is a *physical fact.*" (Emphasis supplied.)

In other words, the plaintiff contends that the disability provision of its policy does not apply to one who has been adjudged an incompetent.

The "Disability Agreement" which is a part of the life insurance policy, copy of which is attached to the complaint and marked Exhibit A, defines the disability therein contemplated as follows:

"Disability Defined. Total disability shall be construed to mean such a state of incapacity caused by bodily injury or disease that the Insured is totally prevented from engaging in any occupation or performing any work for compensation, gain or profit."

The defendants agree with the plaintiff that "incompetency is a legal status," but urge, in line with all of the authorities cited, that while such "legal status" of in-

competency exists, the insured Morris I. Jayne is, as defined by plaintiff's policy, "totally prevented from engaging in any occupation or performing any work for compensation, gain or profit."

The great weight of authority is to the effect that policies of insurance must be construed liberally in favor of the insured. Also, the courts have held, almost without exception, that a total disability clause is not to be construed to mean a state of absolute helplessness or inability to perform, at peril to health, some of the acts required in conduct of business or occupation. Metropolitan Life Ins. Co. v. Bovello, 56 App.D.C. 275, 12 F.2d 810; Starnes v. United States, D.C., 13 F.2d 212; Standard Accident Ins. Co. of Detroit, Mich. v. Bittle, 5 Cir., 36 F.2d 152; United States Fidelity & Guaranty Co. v. McCarthy, 8 Cir., '50 F.2d 2; Clarkson v. New York Life Ins. Co., D.C., 4 F.Supp. 791; Aetna Life Ins. Co. v. Moyer, 3 Cir., 113 F.2d 974; and annotations of authorities in 98 A.L.R. 788 and 107 A.L.R. 289. This last reference is an annotation to the case of Lewis v. Liberty Industrial Life Ins. Co., 1936, 185 La. 589, 170 So. 4, 6, 107 A.L.R. 286, wherein the disability was due to insanity. The insurer denied liability because its policy provided for payment of benefits only when "the insured is, by reason of illness, necessarily confined to bed," and it was alleged that insured was not confined to bed. The court said:

"By a parity of reasoning, necessary confinement to bed should be held to mean another degree of incapacity or disability, which, in the instant case, is superlative, for no greater incapacity can be imagined than insanity."

While not controlling here, the case of Starnes v. United States, supra, points out that Congress, in the War Risk Insurance Act of 1917, defined "total disability" as "any impairment of mind or body which renders it impossible for the disabled person to follow continually any substantial gainful occupation." [13 F.2d 213]

The plaintiff contends that the insured in the instant case is not actually incapacitated, that he "is actively engaged in the business of producing oil and gas and in brokering oil and gas leases; that he is competent to and does negotiate for and purchase valuable oil and gas leases and other property but * * * causes the lease contracts or other evidence of title * * * to be taken in the name of Lelia G. Jayne, his wife; that in all respects Morris I. Jayne conducts himself as an ordinary normal, healthy business man; * * * and * * * does those things that are done by a competent, able person."

The plaintiff states in its brief that "the disability payments which have been made by the present plaintiff and other insurance companies makes it attractive to Mr. Jayne and to his wife not to have his competency restored," and that ordinarily a person who has been insane would desire to have his competency restored, but that "in the present situation, the motive which is normally present not only in the person afflicted but in his relatives and friends, is absent."

If the above allegations are true, the legal disability of incompetency should be removed by the court which imposed it, as clearly provided by Sections 1449 and 5023, O.S.1931, 58 Okl.St.Ann. § 854, and 35 Okl.St.Ann. § 80.

The adjudication that Morris I. Jayne is an incompetent made by the County Court of Oklahoma County is conclusive upon this court. Davis v. Cone, 114 Okl. 151, 244 P. 447.

In the case of Chaloner v. Sherman, 2 Cir., 215 F. 867, the proper court in New York state had adjudicated Chaloner an incompetent, and a committee had been appointed for him. Subsequently, a Virginia court had adjudged him to be of sound mind and capable of managing his person and estate. Thereafter, Chaloner brought suit in the United States District Court for the Southern District of New York against Sherman, who had been appointed his committee (guardian) by the New York state court, for damages for wrongful withholding of his (Chaloner's) property. The federal trial court held that Chaloner could not attack collaterally the judgment of the New York state court which had adjudged him an incompetent. The Circuit Court of Appeals affirmed the trial court and the case was appealed to the Supreme Court of the United States, 242 U.S. 455, 37 S.Ct. 136, 138, 61 L.Ed. 427. The Supreme Court, speaking of the judgment of incompetency in the New York state court, said:

"That court had jurisdiction because the plaintiff and his property were in New York; and the essentials of due process of law were met. The orders, consequently, are not void; and they are not subject to this collateral attack. [See United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93; Hilton v. Guyot, 159 U.S. 113, 207, 16

S.Ct. 139, 40 L.Ed. 95]. If it be true that the orders ought to be set aside * * * the remedy must be sought by a direct proceeding to that end."

It is noted that both the Supreme Court of the United States and of the State of Oklahoma have held that a proper adjudication of incompetency may be set aside only by a "direct proceeding" in the court which rendered such judgment.

This court, therefore, has no jurisdiction to grant the relief which the plaintiff seeks.

An order sustaining the motion to dismiss, therefore, will be entered. Exceptions allowed.