Victoria Mathews, plaintiff and appellant herein, brought this suit against the Louisiana Industrial Life Insurance Company, Inc., seeking to recover the sum of $500 on two combination life, accident and health policies issued to her by the Company. The Trial Court below dismissed plaintiff's suit and she has appealed from that judgment.
The two policies sued on are identical except for amounts, numbers and dates. Both were issued in 1926 and one provides for the weekly payment of a premium or dues of 10¢ and one for similar payments of 15¢. Each policy provides for a small death benefit payment (which is not involved in this suit) and for weekly benefit payments arising from disability of the insured from accident or from sickness which, according to the first paragraph of the policies "is for insurance against disability from sickness or accident * * * subject to the terms and conditions below."
The paragraph relating to "Permanent Total or Partial Disability" provides that *Page 81 
if the insured, through accident, sustains an injury which directly, and independently of all other causes, results in total and permanent disability within sixty (60) days from the accident, from doing any kind of work pertaining to her trade or occupation, the Company agrees to pay the assured for a period not exceeding 100 weeks, a weekly indemnity equalling twenty times the premium payable under the policy ($3 per week in one policy and $2 per week in the other). It is apparent and obvious that these provisions contemplate and intend the payment of $5 per week for the two policies for a period not exceeding 100 weeks from disability arising from an accident suffered by the assured.
The policies likewise provide that the benefits payable on account of disability resulting from sickness are for the same amount and are payable over the same period of time as are those from disability occurring on account of accident, but in order for the sick disability payments to become due, under the conditions on the back and a part of the policies, the insured by reason of sickness, must be "necessarily confined to bed and remain under the professional care of a duly licensed and practicing physician" and the Company shall be furnished weekly reports during the sickness by the attending physician before payments shall be made. The policies further provide that the number of weekly payments for such disability shall be limited to twenty in any consecutive twelve months.
In her petition, plaintiff alleges that she became ill in October, 1940, that she gradually lost her sight and in January, 1941, she became totally blind; that by reason of her total blindness she has become and is totally and permanently disabled from performing her usual and regular work, she having been employed and working as a maid in a moving picture theatre. She alleges that all of the premiums on these two policies were paid and that the policies were in full force and effect when her disability became total and permanent and she prays for judgment in her favor in the full amount of the two policies, $500 for a maximum of 100 weeks at $5 per week, or in the alternative, if it should be held that the payments are due weekly, that said payments bear legal interest from their due dates.
Exceptions of prematurity and of no cause or right of action filed by the defendant Company were overruled. The defendant then answered, admitting the issuance of the policies but denying that the plaintiff is disabled as claimed and denying that she has complied with the terms and conditions of the policies. Defendant alleges that the plaintiff is not entitled to recover for the alleged blindness, even if there was blindness (which is denied) for the reason that the petition shows that such blindness resulted from illness and not from accident and that the plaintiff is not entitled to the sick benefit provided for under the policies for the reason that she was not confined to her bed and regularly attended by a physician, nor was the Company furnished with the weekly certificates required by the provisions of the policy. In the alternative, defendant pleads that if there is found to be any liability, the recovery should be limited to seventeen, instead of twenty weekly payments in that during the twelve months period beginning January 1, 1941, plaintiff had already recovered three weekly claims under each of the policies sued on.
The exception of prematurity is based on the ground that plaintiff failed to file the required proof of her claim before she filed her suit. Quite obviously, this is a question of fact which should be determined on the trial of the merits of the case and we think the Trial Judge was correct in overruling this exception.
The exception of no cause or right of action is based on the ground that the petition does not allege that the blindness resulted from an accident but does allege that it resulted from an illness and that no allegation is made that the sickness or blindness confined the plaintiff to bed and required the attendance of a physician, a condition that is necessary to justify a recovery for a disability from sickness not the result of an accident.
At first blush it would seem that there would be some merit to this exception, but on more careful consideration, we have reached the conclusion that it was properly overruled.
In the first place, giving a liberal and reasonable construction to the petition in connection with the double aspect of the benefit payments provided for in the policies, which were annexed to and thus became a part of the petition, plaintiff was entitled to offer evidence to show that her disability occurred either as a result of an *Page 82 
accident, or because of sickness and if there were any provisions in the policies which would defeat her rights to recover benefits for either accident or sickness, the defendant had the right and it was its duty to set up these provisions as a defense to the claim of plaintiff.
Secondly, as the Trial Judge overruled the exceptions and evidence was introduced without objection being made on this point, this Court, as an Appellate Court, should not sustain an objection which would only result in giving the plaintiff the right to amend her petition so as to urge her claim for the benefits arising either from accident or sickness, or both. In the case of Dossey v. Life Casualty Insurance Co. of Tennessee, 177 So. 427, 428, Judge Hamiter, as organ for the Court of Appeal, Second Circuit, in a similar and almost identical situation, said:
"But, when it is considered that this controversy is now on appeal, after the overruling of the above exceptions [no right or cause of action] and a trial of the merits was had in which all phases of insured's illness were probed and considered, without objection from the insurer, we are not disposed to sustain such exceptions and dismiss the suit. The law does not favor technicalities. * * * We are convinced that plaintiff could and would have amended her petition and furnished the desired information, if such requirement had been made of her. An exception similar to the ones here considered was involved in the case of Whitworth v. South Arkansas Lumber Co., Ltd.,121 La. 894, 46 So. 912, 913. In refusing to dismiss the suit the Supreme Court said:
"`Furthermore, the cause is now before us on appeal. All of the facts are before us, and from them we glean that the plaintiff has not been advantaged in any way by the court's order overruling defendant's exception. That which may have been sufficient ground originally to dismiss the suit may not be sufficient ground after the case has been heard'."
On the merits of this case, we find very little evidence in the record. Plaintiff testified that she cannot see and has been unable to work since January, 1941. She filed claim and was made two payments for her disability in February, 1941, by producing two certificates from Dr. Buffington certifying that she was suffering from glaucoma. Dr. Buffington operated on plaintiff's eye and he stated in each of the two certificates that her disability was total but he did not say how long it would continue, although in one certificate he states that her condition is chronic. Plaintiff received one week's disability benefit from the Insurance Company in November, 1941, for an illness in which the doctor in Donaldsonville gave a certificate certifying that he had attended and treated her for acute bronchitis.
The testimony is confusing on the question of what efforts were made by plaintiff to secure blanks and make weekly reports of her disability from blindness. She says that the Agent of the Company would not give her the blank forms to be filled out. She testifies that she went to New Orleans and to the office of the Company and showed her condition to the men in the office and that at that time she had to be led around. The Claim Agent of the Company denied that any proof of blindness had ever been submitted and offered a letter from the plaintiff's attorney, written to the Company in May of 1941, requesting that blanks for proof of claim be sent him. The Company wrote the attorney the following day, stating that two blanks were enclosed, to be filled out for plaintiff. Apparently these blanks were not filled out and returned to the Company. But on September 25, 1941, the plaintiff's Attorney wrote the Company a letter stating that his client had become totally blind and under the terms of the policy, she was entitled to recover the first twenty weekly payments. He advised the Company that his client had visited their office and that the Company was aware of and knew her condition. The Company answered this letter in October, denying that it had any knowledge of plaintiff's blindness, stating that no claim or proof of blindness had been filed and suggested that the insured furnish proof of her blindness.
No further proof was furnished and this suit was filed shortly thereafter, in December, 1941.
It is our opinion that the plaintiff has a right to show her disability, and whether it has occurred from accident or from sickness. It then becomes a question of whether she has proved her claim for benefits under either one. She has not claimed and she has not shown that her condition of disability resulted from an accident; she is, therefore, relegated to proving that she has a disability and that it is *Page 83 
the result of sickness. The record does not clearly show whether she has lost such sight of her eyes so as to make it impossible for her to get around and do her customary and usual work, or whether she is totally blind. If she has become totally blind, it is our opinion that there can be no question but that she has become totally disabled from sickness within the meaning and the intention of the policies. If that is the case, she has met the provision of the policy as it should be understood and should be construed, of being confined to bed, as a person totally blind would not have to be physically confined to bed to meet the requirements in the policies.
In the case of Lewis v. Liberty Industrial Life Insurance Co., Inc., 185 La. 589, 170 So. 4, 107 A.L.R. 286, where a claimant under a weekly benefit health and accident policy similar to those involved in this suit became insane, the Supreme Court carefully reviewed the law on this subject and held that insanity was a sickness within the terms of the policy and that it was not necessary that the insured be continuously confined to bed. The Court said that the purpose of the clause in the policy requiring the insured to be confined to the house or to bed was to make certain of the disability and to protect the insurer against imposition.
Such reasoning applies with equal force to an insured suffering from total blindness. It likewise is a disabling sickness and it would be a vain and useless thing to require such a patient to be confined to her bed merely for the purpose of complying with the bare words of the policy. We do not believe that is the true purpose and intent of this condition. If the plaintiff is disabled by blindness, it is our opinion that she is so disabled from such sickness that would entitle her to benefit payments under the terms of the policy.
It now becomes necessary to determine whether or not the plaintiff is required to furnish a doctor's certificate every week, showing her disability from sickness because of her blindness, to entitle her to her weekly benefit payments. That seems to be the plain requirements of the policy. But it seems to us that the purpose and intention of this provision is to make certain that the insured is disabled and if sufficient proof is offered to show that the plaintiff is totally and permanently blind, there could be no useful purpose in requiring that a certificate be furnished each week, certifying that during the seven preceding days the insured was still totally and permanently blind and had remained under the care of a practicing physician. This would place an uncalled for and unnecessary burden on the insured, and again we say that this would be a vain and useless thing and a ridiculous requirement. Undoubtedly the purpose of such provision is to retain to the insurer the means to assure itself of the fact that the insured is actually disabled but if the disability is permanent and the disease is of such a nature that it cannot be cured, and this is proven, then we do not believe that weekly certificates and the regular attendance of a doctor are required. It can easily be conceived that to strictly construe this requirement would make the insured pay each week for a medical examination and certificate to show her continued disability, an amount approximately the same as that which she would receive as a benefit for so doing, thus completely offsetting and negativing the small benefit intended to be paid her for the very contingency against which she insured herself.
We believe that the plaintiff should be given the opportunity to prove, if she can, that she is totally blind and that she became so during the life of her policies with defendant Company, and that such blindness is permanent and incurable. If she so proves, we are of the opinion that she would then prove her disability from sickness for the maximum number of weeks under the policies and be entitled to recover the full amount of benefits for each week for the maximum number of weeks provided for, which is limited to twenty weeks in any twelve consecutive months and should not be required to furnish a medical certificate of her continuing disability.
The case is, therefore, remanded to the District Court for further hearing so that plaintiff may be given the opportunity to offer proof, if she can, that her blindness is total and permanent and that it occurred during the life of the policies and if such be proved, that she be awarded judgment in accordance with the views set forth herein. *Page 84