TATE, Judge.
This suit sought recovery of hospital, surgical and medical expenses "(and also penalties and attorney’s fees) from the defendant, which has assumed all accounts and liabilities under a health and accident policy issued plaintiff by Louisiana Physicians Service, Inc.
Defendant has suspensively appealed from the District Court’s award to plaintiff of policy benefits of $489.97, plus penalties in like amount and $200 attorney’s fees under LSA-R.S. 22:657.
*790 On October IS, 1952, Louisiana Physicians Service, Inc. issued an insurance .policy to plaintiff which provided for payment of hospital and medical expenses in the event of illness or accident.
On June 10, 1953, while the policy was in full force and effect, the plaintiff developed a condition which was diagnosed as “diaphragmatic hernia”. On June 29, 1953, surgery was performed upon the plaintiff and he remained in the hospital until July 7, 1953. His resulting surgical and hospital expenses were $489.97.
There, are no disputed . issues of fact. The only issue, is whether an .exclusion clause contained in . the policy issued i.s applicable to the type of disability suffered by the plaintiff.
Article .4 of the policy provides:
“Article’ IV'. — Waitng Periods:
“Twelve (12) consecutive months of continuous membership under this certificate is required1 before L.P.S. will assume liability for payment of surgery or medical services, or hospital care for pre-existing conditions; tonsils, adenoids, hemorrhoids, and hernia.”
Under this clause the defendant maintains it is not liable, since the condition suffered by plaintiff developed only eight months after the policy was issued or within the year’s waiting period excluding liability in cases of “hernia”.
Plaintiff-appellee urges that the word “hernia” as used in the exclusion clause should be given its ordinary and usual meaning as commonly used and thus would include only those conditions known as “ruptures” resulting from some noticeable protrusions through the abdominal wall, and not the comparatively rare chest condition known as “diaphragmatic hernia.”
The testimony of four physicians and surgeons was taken.
The surgeon who operated on plaintiff testified on behalf of plaintiff that the operation was for a “diaphragmatic hernia”.
The herniation consisted of a projection of the stomach into the thoracic cavity through the opening in the diaphragm normally occupied by the esophagus. In this particular case, the said opening was large enough to permit the stomach to enter into the mentioned cavity. He further testified that in its customary or usual sense “hernia” means a protrusion from' the abdomen through an abnormal opening in the abdominal wall, and that a “diaphragmatic hernia” does not pass through the abdominal wall since the diaphragm is not a part of this wall. This witness, however, did not deny that according to technical medical definition a “diaphragmatic hernia” is indeed a true “hernia”.
The medical director for the defendant Company admitted that when the usual layman spoke of “hernia”, he thought of the abdomen as being affected as most “hemi-ae” occurred in that area. However, he stated that a “diaphragmatic hernia” was one of the type of “hemiae” well established and recognized and properly designated as “hernia” by medical authorities, being any protrusion of an underlying tissue through a weakness or defect in an-overlying tissue. Two other medical experts called by the defendant testified that while the ordinary laymen’s conception of “hernia” would be limited to an objective-protrusion through the wall of the abdomen, yet the type of disability suffered by plaintiff was a true “hernia” although rare in occurrence as compared to ordinary “hernia” or “rupture”. They further stated that while the diaphragm was not usually regarded as part of the abdominal wall, yet logically speaking it was the top wall of the abdominal cavity.
As stated by the District Court in its. able opinion,
“Common sense impels us to believe that an ordinary person afflicted with a diaphragmatic hernia which has no visible symptoms and which produces pain in the chest would never feel or consider that he was suffering from a hernia, which is ordinarily considered-. *791 to be a rupture producing externally visible symptoms and usually produces pain in the lower abdomen.”
The District Court concluded that the word "hernia” is to be judicially construed in its ordinary common sense and not in its technical medical sense; and that when so construed, the term does not include the “diaphragmatic hernia”. We feel this conclusion of the trial court is ■correct. The testimony indicates that a ruptured intervertebral disc (hernia of the •nucleus pulposus) is also technically speaking a “hernia”, that there are cerebral hernias (protrusions through a fractured skull), and hernias of the lung and of the ■eye, etc. It would seem that since a contract is to be interpreted according to the intent of the parties, Article 1945, LSA-Civil Code, the words used in the contract are to be interpreted in the ordinary and general sense, rather than in any specialized ■or extremely technical meaning.
While this is a case of first, impression in Louisiana, in Pendell v. Westland Life Ins. Co., 95 Cal.App.2d 766, 214 P.2d 392, the California District Court held that the word “hernia” used in an accident policy was to be construed in its populár sense and should be taken as ■ an averagé person with usual and ordinary intelligence would understand' it, rather than in its technical or scientific sense, in rejecting the company’s contention-that a clause .restricting benefits in the case , of “hernias” applied as against a claimant or policyholdr ■er suffering . with .an “esophageal hiatus •diaphragmatic hernia”." • .Similarly, the ■Oklahoma Supreme Court refused to construe a diaphragmatic hernia as a/‘hernia” ■under the terms of .its workmen’s compensation statute which limited “hernia” recoveries to compensation for fourteen weeks and the cost of an operation, Steelman v. Justice, 204 Okl. 117, 227 P.2d 647. Other cases similarly refused to restrict, workmen’s compensation benefits to the more limited recoveries permitted for what are commonly known as “hernias” when claimants suffered from conditions, which (as an the present) were technically according to medical definition “hernias”, but did not fall within the ordinary and popular meaning of the word hernias, see Pollock v. Clairton School District, 100 Pa.Super. 333; Royal Indemnity Company v. Jones, Tex.Civ.App., 201 S.W.2d 129; Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137. See also 39 C.J.S., Verbo, Hernia, p. 896.
Furthermore, should the word “hernia” in the restrictive clause of the policy in question be regarded as ambiguous, then it must be interpreted against those who have prepared the contract, namely the insurer-defendant: Article 1957, LSA-Civil Code. See Powell v. Liberty Industrial Life Ins. Co., 197 La. 894, 2 So.2d 638; Lewis v. Liberty Industrial Life Ins. Co., 185 La. 589, 170 So. 4, 107 A.L.R. 286; as examples of the settled jurisprudence that ambiguous language in an insurance policy should be given the interpretation most favorable to the insured, these cases holding that a clause in an insurance policy exempting or limiting-liability should be strictly construed against the insurer, in the interpretation of policies of health and accident insurance.
The District Court also: awarded statutory penalties of 100 per cent of the benefits due under, the'terms ,of the policy, together with attorney’s fees, under LSA-R.S. 22:657, due to. the failure of defend-, ant. herein to pay the contractual- benefits within 30 days from written notice and proof of claim. While initially this Court was of divided opinón; düe-to the arbitrary refusal of defendant’s -claims manager (without .either legal or medical .consultation) to at least bring to the attention of Company counsel legal citations of authorities from other States offered by plaintiff’s attorney indicating liability; after thorough discussion, we have decided that since penalty provisions are strictly construed, and since the question involved was res novo in Louisiana, it may not have been unreasonable or arbitrary on the part of defendant to litigate the question even had the claim’s manager sought medical and legal advice. We will therefore in this *792 instance not award the penalties sought against the defendant insurer herein.
For the above and foregoing reasons, the judgment of the District Court herein is amended insofar as it awarded plaintiff the penalties and attorney’s fees under LSA-R.S. 22:657, demand for which is dismissed; and as thus amended, it is affirmed in all other respects, including its award of $489.97, together with interest and court costs.
Amended and affirmed.