245 So.2d 557 (1971)
John J. MEINERZ, Plaintiff and Appellant,
v.
Bernhardt H. TREYBIG, Jr., and A. B. C. Insurance Company, Defendants and Appellees.
No. 3350.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1971.
Rehearing Denied March 31, 1971.
Writ Refused May 13, 1971.
Kierr & Gainsburgh, by Harvey Lewis, New Orleans, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by Timothy J. McNamara, Lafayette, for defendants-appellees.
Before SAVOY, HOOD and CULPEPPER, JJ.
*558 CULPEPPER, Judge.
This is an action in tort for damages arising out of an industrial accident in which the plaintiff John J. Meinerz, lost an eye. The defendant is Bernhardt H. Treybig, Jr. and his liability insurer, Employers Mutual Liability Insurance Company of Wisconsin (Employers). Plaintiff previously entered into a court approved settlement of his workmen's compensation claim against his employer Louisiana Oil Exploration Company, Inc. (Louisiana Oil) and its compensation insurer, Employers. This insurer carried both liability and compensation insurance on the employer. In the present tort suit, defendants filed an exception of res judicata based on the court approved settlement and the release which plaintiff signed, which state that the settlement covers all claims "under the workmen's compensation laws of the State of Louisiana, the tort laws and any and all other laws." The trial judge sustained the exception and dismissed plaintiff's suit. Plaintiff appealed.
The substantial issues are: (1) Is the compromise of the tort claim illegal and against public policy since it was included in a settlement made under the Workmen's Compensation Act? (2) Is the compromise of the tort claim void for lack of consideration? (3) Is the compromise of the tort claim void for error as to the matter in dispute, under LSA-C.C. Article 3079?
The facts show that plaintiff was born on November 10, 1949, and was emancipated by marriage in March of 1969. On November 19, 1968, during the course of his employment by Louisiana Oil, he was operating a "marsh buggy" clearing trees for a survey. The operation was being supervised by the defendant, Bernhardt H. Treybig, Jr., president of Louisiana Oil. A branch of a tree struck plaintiff in the right eye, causing total loss of vision and some facial scarring. In the present tort suit, plaintiff contends the marsh buggy had no windshield and lacked proper safety devices and that defendant Treybig knew this and nevertheless exposed plaintiff to the hazard of clearing the small trees with unsafe equipment. Treybig, as an executive of Louisiana Oil, is covered by the liability policy of Employers.
Employers, as compensation insurer, paid plaintiff $555 in weekly benefits and $1524 for medical expenses. On May 16, 1969, at which time plaintiff was 19½ years old, he entered into a court approved lump sum settlement, without discount, under the procedure set forth in LSA-R.S. 23:1271-23:1274. Under this settlement, plaintiff received the sum of $3,000 in addition to the $555 in weekly compensation and medical expense previously paid. Thus, plaintiff received the sum of $55 over and above the amount due under LSA-R.S. 23:1221(4) (i) for the loss of an eye ($35 per week for 100 weeks is $3500). The petition and the judgment contained language to the same effect as that which appears in the release signed by plaintiff as follows:
"Appearer further declared that for and in consideration of the receipt of the aforesaid amount, he does hereby release and forever discharge LOUISIANA OIL EXPLORATION COMPANY, INC. and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, his, its and/or their employees, agents and representatives, and any and all other persons, firms, corporations, partnerships and parties whomsoever from any and all past, present and future claims, demands, compensation, medical expenses, costs, expenses, penalties, attorneys' fees, damages, and any and all causes and rights of action whatsoever which he may or might have and to which he may be entitled, known and unknown, anticipated and unanticipated, under the Workmen's Compensation Laws of the State of Louisiana, the tort laws, and any and all other laws in any way resulting from and to result from the accident which occurred on or about November 19, 1968, in the Parish of St. Landry, Louisiana, and *559 any and all other accidents sustained by him in the past arising out of or occurring in the course of his said employment."
The first question is whether the compromise of the tort claim is illegal and against public policy. Plaintiff argues that the settlement was made under LSA-R.S. 23:1271-23:1274, which authorizes only compromises between employer and employee of disputes arising under the Workmen's Compensation Act. He contends that since the act does not permit the inclusion of a tort settlement in the compensation settlement, the parties had no authority to use this procedure to settle the tort claim. Furthermore, plaintiff says that since LSA-R.S. 23:1101 expressly reserves to the injured employee the right to proceed in tort against third persons responsible for the accident, it is against public policy to allow the employer or its insurer to include a tort compromise in a workmen's compensation settlement.
Counsel have not cited, nor have we found, a Louisiana case which considers the question. Defendants cite the jurisprudence that compromises to avoid litigation are favored in the law. Young v. Barelli, 169 La. 319, 125 So. 258; Walding v. Caldwell Bros. & Hart, 193 So. 501 (La.App. 2d Cir. 1940). Furthermore, the general rule is that courts will not declare a contract void as against public policy in the absence of an express legislative or constitutional prohibition or a clear showing that the purpose of the contract contravenes good morals or public interest. LSA-C.C. Article 1764; California Chemical Company v. Lovette, 204 So.2d 633 (La.App. 3rd Cir. 1967); Lewis v. Liberty Industrial Life Insurance Company, 185 La. 589, 170 So. 4; 17 C. J. S. Contracts § 211, pp. 1013-1026. In the present case, there is no express statutory or constitutional prohibition against combining a workmen's compensation settlement and a tort compromise. Also, there is no jurisprudence holding such a settlement is against the public interest. There is no good reason to prohibit the combination of such settlements when the same purpose could easily be accomplished by drafting the compensation settlement and tort settlement on two separate sheets of paper. We conclude the compromise agreement is not void as against public policy.
The next issue is whether the compromise of the tort claim is void for lack of consideration. Plaintiff relies on Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir. 1967) and Hyatt v. Hartford Accident & Indemnity Company, 225 So.2d 102 (La.App. 3rd Cir. 1969) which hold that a release of liability is not a valid compromise where it is given without any consideration and is not for the purpose of avoiding litigation.
LSA-C.C. Article 3078 provides:
"Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected."
In the present case the plaintiff received as consideration the full amount provided by LSA-R.S. 23:1221 for the loss of an eye, i. e., the sum of $3500. This amount was not discounted and the plaintiff received the additional sum of $55. It may be that this is a small consideration for the compromise of a tort claim which, if successful, could be worth many thousands of dollars. However, there was a consideration for the tort settlement. The provisions of the code article are clear that a compromise to avoid litigation cannot be set aside for lesion. In the recent case of Wilson v. Aetna Casualty & Surety Company, 228 So.2d 229 (La.App. 3rd Cir. 1969) we refused to void a compromise agreement where the facts showed that the plaintiff had settled for a small amount because he was in bad health and under serious financial pressure.
The final question is whether the compromise of the tort claim may be rescinded *560 under LSA-C.C. Article 3079 which provides as follows:
"A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence."
In the present case there is no evidence of fraud or violence. Plaintiff contends he erroneously understood that only his claim for workmen's compensation was being settled. He says he did not know the release covered his tort claim. A decision of this issue requires an evaluation of the credibility of the witnesses. Plaintiff testified that the court appointed attorney, Mr. Guilbeau, did not explain to him that he was settling all claims of any kind or character against the parties named in the release for damages arising out of the accident in question. On the other hand, Mr. Guilbeau testified at length that he was very familiar with this type of settlement and explained in detail to plaintiff that he was releasing all claims which he had arising out of the accident. The trial judge rejected the testimony of plaintiff and accepted as true that of Mr. Guilbeau. In an opinion dictated into the record at the conclusion of the trial, the judge correctly decided:
"The Court is satisfied that Mr. Guilbeaux because of his prior training, because of the fact that he was then practicing law in Lafayette and had had considerable experience prior to that in the workmen's compensation field and because of the fact that he was somewhat concerned himself over the minimum settlement, the Court is satisfied that Mr. Guilbeaux did as he has testified as he did here today, and that the plaintiff did understand that he was executing a settlement of his claim for personal injuries under any and all circumstances to `To release in any way resulting from and as a result of the accident which occurred November 19, 1968.'
"Under the circumstances, the Court finds that there was no error of fact; there is no evidence to support the allegation which alleges constructive fraud and that the release does in fact bar the plaintiff's claim in the instant suit."
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.