ROBERT LEROY DUKE v. THE GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD.

(Filed 15 December, 1937.)

**Insurance §§ 38, 41—Evidence held to warrant recovery for confining illness.**

Judgment for recovery of benefits for confining illness rather than nonconfining illness upon evidence tending to show insured was totally incapacitated for the period covered by the policy and was confined to his

DUKE *v.* ASSURANCE CORP.

home except for visits to his physician for treatment, which he made by automobile or trolley car, upheld on authority of *Thompson v. Accident Assn.*, 209 N. C., 678.

APPEAL by defendant from *Harding, J.*, at August Term, 1937, of GUILFORD.    Affirmed.

This was an action to recover benefits under a health insurance policy which contained provisions for the payment of a certain amount on account of illness necessitating that insured be continuously confined within the house, and a lesser amount for nonconfining illness.    The plaintiff alleged he was entitled to the benefits for confining illness, and the defendant contended he was restricted to those payable for nonconfining illness.

The case was heard upon an agreed statement of the facts.    In the statement it was admitted that plaintiff became ill with ptomaine poisoning and was incapacitated and rendered unfit for every duty during the period covered by the provisions of the policy.    The plaintiff was confined to his home and visited by physicians there, except on occasions when he was told by the doctors to come to their offices for treatment and examinations by certain laboratory equipment.    On each such occasion plaintiff rode in an automobile, or, when unable to obtain an automobile, in a trolley car, walking three blocks to the car.

Judgment was rendered for plaintiff for the amount payable for confining illness, and defendant appealed.

*Charles T. Hagan, Jr., for plaintiff, appellee.*
*Smith, Wharton & Hudgins for defendant, appellant.*

PER CURIAM.    The facts agreed bring this case within the decision of this Court in *Thompson v. Accident Association,* 209 N. C., 678, 184 S. E., 695, and *Hines v. Casualty Co.,* 172 N. C., 225, 90 S. E., 131. In the *Thompson case, supra,* it was said, *Schenck, J.,* speaking for the Court: "The purpose of the provision relative to the insured's being continuously confined within doors was to describe the character and extent of his illness, rather than to prescribe a limitation upon his conduct."

Upon the authority of these cases the judgment is
Affirmed.