16835

VICKERY v. AMERICAN NAT. INS. CO.
(80 S. E. (2d) 233)

*Messrs. Watkins & Watkins,* of Anderson, *for Appellant,*

*Ernest B. Castles, Esq.,* of Anderson, *for Respondent,*

February 19, 1954.

TAYLOR, Justice.

This appeal comes from the Court of Common Pleas for Anderson County wherein respondent brought this action to recover actual and punitive damages for appellant's refusal to pay certain sick benefits allegedly due under the terms of a policy issued by it to respondent.

The complaint alleged that the defendant fraudulently canceled its policy as of June 7, 1950, and refused to pay the benefits, which were alleged to have commenced in November, 1949, and are due and unpaid.

At the close of the trial, the Court granted appellant's motion for a directed verdict for punitive damages who then moved for a direction of verdict for respondent in the sum of $300.00. This motion was refused and the Court on its own motion directed a verdict for respondent for the sum of $2,400.00.

At the time of the direction of the verdict, respondent was permitted to amend his complaint so as to include the maximum amount provided in the policy. Appellant then moved for judgment *non obstante veredicto* which was also refused. Appellant now comes to this Court contending that the trial Court erred in ruling as above stated.

Part J and Part K of the policy are the sections in issue:

"Part J. Confining Sickness Total Disability Benefits.

"If 'such disease,' the cause of which originates more than thirty days after the Policy Date, confines the Insured continuously within doors and requires regular visits therein by a legally qualified physician, the Company will pay (benefits begin with the first medical treatment during disability) monthly indemnity at the rate of the Regular Monthly Benefit, as specified in the Schedule on the last page thereof, for one day or more, so long as such confinement remains continuous, but not, exceeding twenty-four (24) consecutive months; provided 'such disease' causes continuous total disability and total loss of time.

"Part K. Non-confining Sickness Total Disability Benefits.

"If 'such disease,' the cause of which originates more than thirty days after the Policy Date, does not confine the Insured continuously within doors, but requires regular medical attention, the Company will pay (benefits begin with the first medical treatment during disability) monthly indemnity at the rate of the Regular Monthly Benefit, as specified in the Schedule on the last page hereof, but not exceeding two consecutive months; provided 'such disease' causes continuous total disability and total loss of time."

It is apparent from the record that there is no dispute as to respondent's being disabled but the question arises as to whether such disability comes under Part J as a "confining sickness" or Part K as a "non-confining sickness."

In view of the fact that we are of the opinion that a new trial must be had it will serve no useful purpose to recite the testimony in detail. It is sufficient to say that there are conflicting statements as to the periods of disability and to what extent respondent was disabled. Under these circumstances it became a question of fact for the jury to determine whether or not respondent's disability came under Part J or Part K and therefore error for the trial Judge to hold as a matter of law that respondent was entitled to claim the greater amount under Part K.

Appellant also contends that it was error to permit respondent to amend his complaint at the conclusion of the testimony so as to cover a greater period of time than that set forth in the complaint. A new trial being necessary, this question becomes academic.

The case is therefore reversed and remanded to the Court of Common Pleas for Anderson County for a new trial with permission being granted for plaintiff to amend his complaint as he may be advised.

Reversed and remanded.

BAKER, C. J., STUKES and OXNER, JJ., and BRUCE LITTLEJOHN, A. A. J., concur.