MRS. THOMAS T. GAULDEN v. PILOT LIFE INSURANCE COMPANY.

(Filed 7 June, 1957.)

**1. Insurance § 36c(1)—Terminal leave held not cessation of employment within provision of group policy.**

The group policy sued on provided increased amount of insurance over that provided in the group policy which it superseded during continuance of employment as to each employee who made apt application therefor, and who was actively engaged at work on the date the new policy became effective, with further provision to the effect that cessation of active work should constitute termination of employment unless absence from active work was due to leave or temporary lay-off. Deceased filed his application in apt time, and upon the effective date of the policy was on terminal leave at full pay for the period equal to his unused vacation and unused sick leave, which he had earned under the terms of his employment. Deceased died during his terminal leave. *Held:* The terminal leave did not terminate the employment and was a leave of absence of the identical type of "leave of absence or temporary lay-off," which was not to be deemed "cessation of active work," and the beneficiary is entitled to the increased amount under the terms of the new policy.

**2. Insurance § 13a—**

An insurance policy is only a contract between the parties, and the intention of the parties is the controlling guide in its interpretation.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Rousseau, J.,* January Regular Civil Term 1957 of GUILFORD (Greensboro Division).

This is an action upon a policy of group life insurance issued by the Pilot Life Insurance Company, defendant, to the City of Greensboro, covering the lives of employees of the City. It succeeded a prior policy, replacing it as of 1 July 1955. Thomas T. Gaulden, the deceased insured, of whom the plaintiff is the beneficiary, was insured under the old policy for $2,000. Under the new policy, coverage for his class of employee was to be increased to $4,000.

The facts were stipulated and the matter heard without a jury. The facts considered pertinent to an understanding of this appeal are as follows:

"5. . . . Thomas T. Gaulden, prior to his death, had been for a continuous period of 28 years in the employ of the City of Greensboro, having been employed in and for the Fire Department . . . His death occurred while said policy of insurance was still in full force and effect, and all premiums called for under the terms of said policy of insurance had been paid in full according to the terms thereof; and said Thomas T. Gaulden was on terminal leave at the time of his death as hereinafter shown.

"6. Upon the death of . . . Thomas T. Gaulden, the plaintiff . . . duly notified the defendant insurance company of the death of Thomas T. Gaulden, her husband, and duly made out and filed with the defendant insurance company the usual forms and proofs of death required by the defendant insurance company. Thereafter, the defendant insurance company declined and refused to pay to the plaintiff . . . the sum of $4,000.00, but, instead, the defendant insurance company denied that it was liable for the sum of $4,000.00, and tendered to the plaintiff the sum of $2,000.00 in payment of her claims against the defendant insurance company, which tender the plaintiff refused to accept, and has so notified the defendant insurance company. The plaintiff . . . made due demand upon the defendant insurance company for the full sum of $4,000.00. The defendant refuses to pay that sum to her.

"7. Attached hereto and made a part hereof is a certificate of insurance prepared and signed by the defendant . . . with reference to the assured Thomas T. Gaulden and the said contract and policy of insurance #2157A with an effective date of July 1, 1955, which certificate was never delivered to the City or Thomas T. Gaulden. No certificate

was delivered with respect to any employee until August 1, 1955, because of time required to prepare and deliver them.

"8. Under the old group policy which was also numbered 2157A and is referred to in the policy in suit, and on June 30, 1955, said Thomas T. Gaulden was covered and insured for the sum of $2,000.00.

"9. During the year 1955, employees of the City of Greensboro, including the said Thomas T. Gaulden, were entitled to a specified number of days of annual leave and of sick leave with pay. Employees having 20 years or more continuous service with the City, such as and including the said Thomas T. Gaulden, could, when they became eligible for retirement, obtain leave of absence with pay from their job for the number of days equal to their unused annual leave and sick leave, pay during such period of leave to be at the employee's regular salary rate. Such leave was called 'terminal leave.'

"10. Prior to May 9, 1955, the insured, Thomas T. Gaulden, applied for such terminal leave and retirement. It was determined that he was eligible for both, and he was granted such terminal leave, at full pay, for the period May 10, 1955, through July 31, 1955, a period equal to his unused annual leave and sick leave. At the end of that period of terminal leave, and beginning August 1, 1955, he was thereafter to receive pay as a retired employee at a rate substantially less than his regular salary.

"11. On June 6, 1955, Thomas T. Gaulden executed an application for coverage and insurance under the new policy of insurance sued upon herein, which policy was to and did become effective as of July 1, 1955, said application was duly delivered to and received by the defendant insurance company.

"12. Thereafter, and prior to July 16, 1955, said new policy and the certificate under said policy referring to said Thomas T. Gaulden were prepared and signed by the defendant insurance company and the policy only was delivered to the City, and premiums thereunder were paid for Thomas T. Gaulden and received by the defendant insurance company in the amount provided to be paid for an employee of the City, at his regular salary, who would be entitled to have and receive under said policy $4,000.00 in life insurance coverage.

"13. Beginning May 10, 1955, Thomas T. Gaulden accepted and went on terminal leave as described above, at his full regular salary, said leave to extend through July 31, 1955. On no day after May 9, 1955, did he report to work. He worked on his last scheduled working day prior to the beginning of his terminal leave May 9, 1955. He died on July 16, 1955. At the time of his death . . . and until July 31, 1955, he was carried on the personnel records of the City of Greensboro as a full-time employee at his regular salary, and as being on terminal leave.

His full-time regular salary was paid to him and to his widow up to and through July 31, 1955. . . .

"14. . . .

"15. Thomas T. Gaulden contributed toward the cost of his insurance under the policy sued upon at the rate of not less than $2.00 per month and not less than one-half of the actual then current average cost of the insurance, whichever was greater, being deducted by the City from his paycheck.

"16. The policyholder, the City of Greensboro, North Carolina, under the policy sued upon herein, made, and the defendant accepted, contributions to the cost of insurance for Thomas T. Gaulden.

"17. Upon the defendant being informed of the facts of the terminal leave of Thomas T. Gaulden, and after the plaintiff claimed $4,000.00 death benefit from the defendant, the aforesaid Gaulden premium, except for the portion applicable to $2,000.00 coverage, was refunded to the City of Greensboro."

The pertinent provisions in the policy of insurance referred to hereinabove will be set forth and discussed in the opinion.

From the judgment entered to the effect that under the terms and provisions of the policy of insurance sued upon the plaintiff is entitled to recover only $2,000, the plaintiff appeals, assigning error.

*S. Bernard Weinstein and Robert S. Cahoon for plaintiff appellant.*
*Wharton & Wharton for defendant appellee.*

DENNY, J.   The sole question posed for decision on this appeal is whether or not the court below committed error in concluding as a matter of law, upon the facts stipulated and the terms and provisions of the policy of insurance involved, that the plaintiff is entitled to recover only $2,000, rather than $4,000 for which she brought her action.

The provisions in the group policy bearing on the question under consideration are as follows:

"All persons directly employed on a full-time basis and compensated for services by the Policyholder may be insured under this policy.

ELIGIBILITY

"Each person described in the preceding provision shall be eligible for insurance hereunder on July 1, 1955, . . .

EFFECTIVE DATES

"The insurance hereunder of any person shall become effective on:
1. the date of such person's eligibility, if he makes written application for such insurance on or before the date of his eligibility, or

2. the date of receipt by the Policyholder of such person's written application for insurance, if such written application is made after the date of his eligibility and on or before the thirty-first day following the date of his eligibility.

provided, in either case, such person is actively at work on that date.

"The insurance on any person not actively at work on the date when his insurance hereunder would otherwise become effective shall become effective on the date such person begins or returns to active work. For the purpose of insurance hereunder, if the effective date of insurance with respect to any person falls on a day which is not a scheduled working day for such person, and if such person was actively at work on the last preceding scheduled working date, the insurance shall become effective as if the person were actively at work on such effective date.

### ENDORSEMENT

"Notwithstanding any provision herein to the contrary, if any person eligible for insurance hereunder on July 1, 1955 was not actively at work on that date, the amount of insurance in force on his life, if any, on June 30, 1955 under the Group Policy which this policy replaces shall continue in force under this policy until the earliest of the following dates:

(a) the date of the termination of his employment with the Policyholder,

(b) the date of the expiration of the period for which he last makes the required contribution to the cost of his insurance, if he fails to make any such contribution when due,

(c) the first date on which he is both actively at work and enrolled for insurance under this policy, and

(d) the thirty-first day following his return to active work.

. . .

### INDIVIDUAL TERMINATIONS OF INSURANCE

"The insurance on any person insured hereunder shall automatically cease on the date of the termination of employment of such person in the class or classes eligible for insurance hereunder.

"Cessation of active work shall be deemed to constitute termination of employment except as provided in the following paragraphs.

"If any person is absent from active work as a result of injury, sickness or retirement, his employment may be deemed to continue,

for the purposes of insurance hereunder, until terminated by the Policyholder.

"If any person is absent from active work on account of leave of absence or temporary lay-off, his employment may be deemed to continue, for the purposes of insurance hereunder, but not for longer than twelve months during such absence, following which, unless he returns to active work with the Policyholder, his insurance hereunder shall terminate automatically."

With respect to the effective date of the insured's eligibility, the facts disclose that he made written application on 6 June 1955 for coverage under the new policy of insurance, which became effective on 1 July 1955, and that such application was duly delivered to and received by the defendant insurance company, and the City of Greensboro deducted from his salary the amount required to pay the insured's part of the increased premium for the month of July 1955, and remitted it to the defendant.

The endorsement set out above simply provides that if any person eligible for insurance under the terms of the policy on 1 July 1955 was not actively at work on that date, the amount of insurance in force, if any, on 30 June 1955, under the old group policy, would be continued in force under the new policy until the earliest of the dates enumerated thereunder. The facts applicable to the provisions under the above subsections (a), (b), and (c) reveal that, (a) the policy was never terminated by the policyholder; (b) the date of the expiration of the period for which the insured made his last contribution for the cost of his insurance was 31 July 1955; (c) the insured was enrolled for insurance under the new policy on the date it became effective, to wit, 1 July 1955; and, if the insured was actively at work on that date within the meaning of the provisions of the policy, we think the plaintiff is entitled to recover the $4,000 provided thereunder.

It will be noted that under the provisions prescribing what shall constitute individual termination of insurance under the new policy, it is expressly provided that "cessation of active work shall be deemed to constitute termination of employment except as provided in the following paragraphs."

One of the paragraphs referred to above provides, "If any person is absent from active work on account of leave of absence or temporary lay-off, his employment may be deemed to continue, for the purposes of insurance hereunder, but not for longer than twelve months during such absence, following which, unless he returns to active work with the Policyholder, his insurance hereunder shall terminate automatically."

The appellee does not contend that the terminal leave granted to the insured terminated his employment. In our opinion, the leave of absence granted to the insured, which began on 10 May 1955 and was to continue until 31 July 1955, at which time the insured was to be retired, beginning 1 August 1955, is the identical type of "leave of absence or temporary lay-off" which was not to be deemed "cessation of active work," so as to affect the status of the insurance held under the policy, and we so hold.

Here we have an insured who had been an employee of the City of Greensboro for 28 years. He was 64 years of age on 29 June 1955. He applied for terminal leave and retirement prior to 9 May 1955. He was eligible for both. Under the terms of his employment he was entitled to terminal leave at full pay for the period from 10 May 1955 through 31 July 1955, a period which was equal to the total of his unused annual leave or vacation and his unused sick leave. He was entitled to full pay during this period, since, under the terms of his employment, he had already earned the right thereto.

An insurance policy is only a contract and the intention of the parties is the controlling guide in its interpretation. *Stanback v. Insurance Co.,* 220 N.C. 494, 17 S.E. 2d 666; *Bailey v. Life Insurance Co. of Virginia,* 222 N.C. 716, 24 S.E. 2d 614.

If an insured, under the policy involved herein, is absent from active work on account of an earned leave of absence under the terms of his employment, and the employment under such circumstances, according to the provisions of the policy of insurance, may be deemed to continue, for the purposes of insurance, during such leave, we see no reason why the increased insurance coverage provided in the policy should not apply.

The judgment of the court below is

Reversed.

JOHNSON, J., took no part in the consideration or decision of this case.