## HAROLD SUITS v. OLD EQUITY LIFE INSURANCE COMPANY.

(Filed 14 January, 1959.)

**1. Trial § 19—**

The sufficiency of the evidence to require the submission of an issue to the jury is a question of law for the court.

**2. Insurance § 29—**

Where the policy in one part provides benefits for nonconfining total disability and total loss of time, and in another part provides additional benefits if such disability confines insured continuously within doors, insured, in order to qualify for the additional benefits, must show that his total disability and total loss of time, during the period claimed, confined him "continuously withindoors" within the language of the policy construed liberally in favor of insured.

**3. Insurance § 3—**

While a policy of insurance will be liberally construed in favor of insured, the courts cannot revise the contract of the parties or strike out any of its provisions.

**4. Contracts § 12—**

When competent parties contract at arms length upon a lawful subject, the courts must construe the agreement as written by the parties.

**5. Insurance § 29—**

Where, in a suit to recover additional benefits provided by the policy if insured's total disability should continuously confine insured withindoors, insured's evidence discloses that during the period in question he enrolled as a graduate student at a university 35 miles distant, drove to and from the university and attended classes three times a week unaided, drove his car on personal errands and on pleasure trips, etc., nonsuit should be entered, notwithstanding insured's evidence that he was paralyzed from the lower abdomen down and suffered total disability and loss of time.

APPEAL by defendant from *Phillips, J.,* February 24, 1958 Term, GUILFORD Superior Court (Greensboro Division).

Civil action to recover insurance benefits under the following provision of the defendant's policy:

"PART H. CONFINING DISABILITY BENEFITS—$50.-00 MONTHLY FOR LIFE.—If injury or sickness confines the insured continuously withindoors for one day or more and requires regular treatments therein by a legally qualified physician or surgeon, the company will pay, commencing with the first such treatment, benefits at the rate of $50.00 per month so long as such confinement remains continuous, provided said injury or sickness causes total disability and necessitates total loss of time."

The plaintiff was seriously injured in an automobile accident on November 1, 1952. The injuries resulted in complete paralysis from the lower abdomen downward. The paraplegia from which the plaintiff is suffering as a result of his injury will continue for the remainder of his life. He cannot dress or undress, go to bed or get up without assistance. He uses a special hospital bed in his father's home. Elimination is artificial and special aids and equipment are necessary to take care of bodily needs. After several months in the hospital, the plaintiff attended a rehabilitation center. By the use of crutches and artificial leg braces, and specially fitted shoes, he is able to walk short distances without help. He has an automobile with special hand controls which he is licensed to and does drive.

The defendant paid monthly benefits under H from the date of the injury until February 1, 1955, and thereafter declined to make further payments, although under another provision of the policy the defendant paid the maximum benefits for the total loss of use of both feet. In addition to Part H, the policy, under Part I, provided payment for nonconfining sickness or injury. The defendant contends that since February, 1955, the plaintiff's injury was no longer continuously confining indoors as contemplated by the policy.

The plaintiff testified in substance that upon release from the hospital in the Summer of 1953 he attended a rehabilitation center where the braces and special shoes were fitted, and by means of these and crutches he was taught to maneuver his feet and legs, and after gradually building up the strength in his arms he learned to walk. He was taught to drive a specially equipped automobile, and by the use of his braces and crutches he was able to get in and out of it, although not without difficulty. He must have assistance always, to put on and take off the braces and shoes.

In February, 1955, the plaintiff enrolled as a graduate student at the University of North Carolina. He drove from his home in Liberty to Chapel Hill, a distance of 35 miles, and returned three days each week during the regular sessions. He was absent from home during his attendance at the University on an average of 5½ to 6½ hours per day. By the use of his braces and crutches, he was able to walk from his parking place near the English building to his classes. In 1957 he received his M. A. Degree in English. He drives to church, to the store, to the barber-shop, to the doctor's office, and to nearby towns. Twice he has visited Currituck County, a distance of about 300 miles, accompanied by his mother who did about one-third of the driving. On each visit he spent one night only. At all other times he has returned to his father's home at night where his parents can assist him and administer to his needs. His body must be bathed

frequently to prevent bedsores.

The plaintiff has been unable to secure a position as a teacher, although he has made some effort to do so. The doctors classify him as permanently and totally disabled. His attendance at the University was with the approval of his doctors and recommended by the rehabilitation center. Since graduation he has driven back to Chapel Hill on six or seven occasions, to Pinehurst, to High Point, to Durham, and other places for pleasure. He teaches Sunday School with the exception of one Sunday in each month.

The defendant did not offer evidence. Its motion for judgment of involuntary nonsuit was overruled. Appropriate issues were submitted to and answered by the jury in favor of the plaintiff. From judgment on the verdict, the defendant appealed.

*McLendon, Brim, Holderness & Brooks, By: G. Neil Daniels, Hubert Humphrey for defendant, appellant.*

*Smith, Moore, Smith, Schell & Hunter, By: Bynum M. Hunter for plaintiff, appellee.*

HIGGINS, J. The defendant has abandoned all assignments of error except No. 9 which presents the question whether the plaintiff's evidence, in the light most favorable to him, was sufficient to qualify him for further benefits under Part H of his policy. The question is one of law. *Ward v. Smith*, 223 N.C. 141, 25 S.E. 2d 463. The policy issued to the plaintiff by the defendant company is designated "Lifetime Income Protection Policy." Part A provides for loss or, under certain conditions, the loss of use of members of the body. The defendant has paid the maximum benefits for the loss of both feet. Part H provides for confining disability benefits. Part I provides for nonconfining benefits. Other parts of the policy provide for additional benefits not material here. Part H only is involved.

The courts of the several states are not in agreement in their interpretation of policy provisions similar to Part H. Some courts adhere to the rule of literal construction, even of the indoors provision. *McFarlane v. Pacific Mutual Life Ins. Co.*, 192 Fed. 2d 193 (*certiorari* denied, 343 U.S. 915); *Reeves v. Midland Casualty Co.*, 174 N.W. 475. Others, among them our own, adhere to a more liberal interpretation, treating the "continuously confined withindoors" provision as descriptive of the extent of the illness or injury, and at the same time allowing reasonable deviation from the indoors requirement. *Glenn v. Ins. Co.*, 220 N.C. 672, 18 S.E. 2d 113; *Duke v. Assurance Corp.*, 212 N.C. 682, 194 S.E. 91; *Thompson v. Accident Ass'n.*, 209 N.C. 678, 184 S.E. 695; *Wade v. Mutual Benefit*, 177 S.E. 611; *Mutual Benefit*

*v. McDonald,* 215 P. 135. Under Part I the parties provide benefits for nonconfining injury which resulted in total disability and total loss of time. The difference in the provisions is this: Part I eliminates the confining requirement present in Part H.

In order, therefore, to qualify for benefits under the confining disability clause, it is not enough for the policyholder to show regular treatment by a qualified physician or surgeon for a totally disabling injury resulting in total loss of time. In addition, the evidence must be such as will permit the reasonable inference under our liberal construction rule that the injury "confines the insured continuously within-indoors" during the period for which the benefits are claimed. The plaintiff's evidence met all except the last requirement. The showing of total disability and total loss of time are not enough to make out a case if we give any effect to the confinement provision. If the decisions in *Massachusetts Bonding Co. v. Springston,* 283 P. 2d 819 (Okla.) ; *Mutual Benefit v. Murphy,* 193 S.W. 2d 305 (Ark.) ; and *Occidental Life v. Sammons,* 271 S.W. 922 (Ark.), have the effect of removing the confinement provision, we are unable to follow them. It is an integral part of the contract the parties made. We cannot revise it. When competent parties contract at arms length upon a lawful subject, as to them the contract is the law of their case. *Muse v. Metropolitan Life Ins. Co.,* 193 La. 605.

It is the purpose and intent of this Court to give a liberal construction in favor of the plaintiff to the continuous confinement within-doors provision of the policy, but we cannot strike it out. The outside activities of the insured in the *Glenn,* the *Duke,* and the *Thompson cases* above referred to were restricted in time, scope, and field, too much so to bear any true resemblance to those carried on by the plaintiff or to constitute a precedent in his favor.

A reading of the record in this case excites admiration for the plaintiff's fortitude and indomitable will. However, giving provision H of his policy liberal interpretation in his favor, and strict interpretation against the insurer, as is our rule in construing contracts of insurance, we reluctantly conclude the plaintiff's activities away from home have been too extensive and too regularly carried on for too long a time to permit him to qualify for benefits under the questioned provision of the policy. The plaintiff's evidence offered at the trial (and only briefly summarized in the factual statement) was not sufficient to bring the plaintiff within the coverage of Part H. The defendant's assignment of error No. 9 is sustained. The court should have allowed the defendant's motion for involuntary nonsuit.

Reversed.