17821

James L. SHEALY, Respondent, v. UNITED INSURANCE
COMPANY OF AMERICA, Appellant

(121 S. E. (2d) 345)

*Messrs. Mays, Mays & Doyle,* of Greenwood, *for Appellant,*

*Messrs. Harley & Parr,* of Newberry, *for Respondent,*

August 10, 1961.

J. B. Ness, Acting Associate Justice.

This is an action to recover indemnity for the period of time commencing July 9, 1959, to January 9, 1960, for a "confining illness" upon a policy of insurance issued by the appellant in favor of the respondent.

The case was tried before a jury and resulted in a verdict in favor of the respondent. The trial court overruled motions for a nonsuit and for the direction of a verdict made by appellant, and likewise denied its motion for judgment notwithstanding the verdict.

Under the heading of "Sickness Benefits," the policy stated:

"Part Eleven ............

"If 'such sickness' causes continuous total disability and total loss of time, and requires continuous confinement within doors and regular and personal attendance therein by a licensed physician, surgeon, osteopath or chiropractor, other than the Insured, the Company will pay at the rate of the Monthly Benefit stated in the Policy Schedule for one day or more from the first medical treatment so long as the Insured lives and is so disabled and confined.

"Part Twelve ............

"If 'such sickness' does not require continuous confinement within doors but does cause continuous total disability and total loss of time and requires regular and personal attendance by a licensed physician, surgeon, osteopath or

chiropractor, other than the Insured, the Company will pay at the rate of the Monthly Benefit stated in the Policy Schedule for one day or more from the first medical treatment for the period the Insured is so disabled but not exceeding three months for any one sickness."

Respondent is afflicted with chronic thrombophlebitis, a disease relating to the blood circulatory system. He became ill in June, 1959, and was treated by Dr. W. W. King, who referred him to Dr. McCutchen in Columbia, South Carolina.

The controversy is over the trial court's submitting to the jury under the evidence in the case, (1) the issue as to whether or not respondent was totally disabled, and (2) whether the respondent's disability was such as to confine the insured continuously within doors and to require regular and personal attendance therein by a licensed physician.

During the period involved in this action, respondent was being treated by a physician; was required, due to his physical condition and upon the advice of his physician, to stop his usual work as a watchman at a cotton mill. Dr. W. W. King testified that he advised respondent to quit his employment, and "that he spend the majority of his time either in the bed with feet elevated or in the chair with feet elevated and two or three times a day he should be up and should get some moderate amount of exercise during those periods." Dr. King further testified that in his professional opinion the respondent was "totally disabled."

We consider that the evidence offered by respondent tends to show facts and circumstances, which in our opinion sustain the ruling of the trial court, and which warranted the submission of the issue of total disability, within the meaning of the terms and provisions of the policy, to the jury. Total disability, within the meaning of an insurance provision covering such condition, does not mean absolute helplessness, and insured may recover under such indemnity where he is unable to do substantially all material

acts necessary to perform his occupation in the customary manner. *Berry v. United Life & Accident Insurance Company,* 120 S. C. 328, 113 S. E. 141; *Brown v. Missouri State Life Insurance Company,* 136 S. C. 90, 134 S. E. 224; *Taylor v. Southern States Life Insurance Company,* 106 S. C. 356, 91 S. E. 326, L. R. A. 1917C, 910; *McCutchen v. Pacific Mut. Life Insurance Company,* 153 S. C. 401, 151 S. E. 67; *Harman v. New York Life Insurance Company,* 184 S. C. 461, 192 S. E. 878; *Dunlap v. Maryland Casualty Company,* 203 S. C. 1, 25 S. E. (2d) 881, 149 A. L. R. 1; 45 C. J. S., Insurance, § 980, page 1174.

We shall next consider the exceptions of appellant as to whether Part Eleven of the Contract of Insurance, which requires continuous confinement within doors and regular and personal attendance therein by a physician, is to be literally and strictly construed in view of the provision of Part Twelve of the Insurance Contract which prescribes a shorter period of payment for a non-confining total disability, and, if so, was the evidence sufficient to bring the respondent within the terms of such provisions?

The appellant contends that respondent was not confined continuously within doors and regularly visited therein by his physician as required by the terms of the policy to entitle him to the indemnity he claims.

The evidence is to the effect that the respondent is a man sixty-one years of age, living alone, and who, as a general rule, during the period of time involved in this cause of action, went to his doctor's office weekly and drove his car there as he couldn't walk, and had no one else to drive. He testified that he could only drive a short distance, and that his car had automatic transmission. He also stated that on occasions the doctor came to his house; that on occasions he went to the doctor's office and went to see his neighbors and to the store nearby to get supplies or medicines; that some weeks he didn't get out of the house except to go to the doctor's office; that he went to Columbia, South Carolina, on

two occasions solely to see Dr. McCutchen and had someone else drive him there; that when he went out of the house it was necessary for him to go; that he is unable to do his household chores and has a Negro boy to attend to this for him. There is some testimony in regard to respondent's visiting a lady on occasions for a period of approximately six months prior to their subsequent marriage on August 4, 1960, however, we have given this testimony no weight in view of the fact that it did not occur within the period of time involved in this cause of action. There is also testimony as to the respondent visiting another lady, however, the dates of these visits are not stated in the record and, hence, could not be considered by the Court.

From an examination of the cases dealing with the construction and application of the provision in health insurance policies requiring the insured's continuous confinement within doors in order to receive sick benefits, it appears that the courts have viewed the problem from two angles. In several instances the phrase "continuously confined within doors" has been construed literally as a condition precedent to recovery, the only question being just what constitutes such confinement. In other instances the courts have said that the purpose of this clause is to make certain of the disability and that it should be construed as merely expressing the required degree of disability, not necessarily requiring actual confinement within doors.

Some courts apply such provisions quite strictly, and deny recovery where the insured visits his physician, goes out for fresh air or sunshine or exercise, or leaves his house for any purpose except for an exigency compelling his removal by reason of fire, an order of the board of health, or the like. *Sheets v. Farmers' & Merchants' Mut. Life & Cas. Ass'n,* 116 Kan. 365, 225 P. 929; *Rocci v. Massachusetts Accident Co.,* 222 Mass. 336, 110 N. E. 972, Ann. Cas. 1918C, 529, second appeal, Id., 226 Mass. 545, 116 N. E. 477; *McFarlane v. Pacific Mutual Life Ins. Co.,* 7 Cir., 192 F. (2d) 193, 29 A. L. R. (2d) 1403, 1439.

But the majority of courts construe and apply such provisions liberally in favor of the insured, and hold that his right to recover is not defeated by the fact that he visits his physician for treatment, or goes out on the physician's advice for fresh air or sunshine or exercise, or goes to a hospital or to a different climate for his treatment, or goes out occasionally for other purposes, provided he is entirely incapacitated for work or business on account of his illness. *Jennings v. Brotherhood Acc. Co.*, 44 Colo. 68, 96 P. 982, 18 L. R. A., N. S., 109, 130 Am. St. Rep. 109; *Home Protective Ass'n v. Williams*, 151 Ky. 146, 151 S. W. 361, Ann. Cas. 1915A, 260; *Breil v. Claus Groth Plattdutschen Vereen*, 84 Neb. 155, 120 N. W. 905, 23 L. R. A., N. S., 359, 18 Ann. Cas. 1110; *Stewart v. Continental Cas. Co.*, 141 Wash. 213, 250 P. 1084, 49 A. L. R. 960; *Lewis v. Liberty Industrial L. Ins. Co.*, 185 La. 589, 170 So. 4, 107 A. L. R. 286; 29 Am. Jur., Insurance, Secs. 1171, 1172.

Notwithstanding the fact that the decision in each ■ case depends largely on its particular facts and the wording of the policy in question, and that the courts are not in accord as to whether a provision that the insured must be confined within doors creates a condition precedent to his right to recover, it is our opinion that generally literal compliance with such requirements in an insurance policy is not a prerequisite to recovery. We think the purpose of the provision relative to the insured's being continuously confined within doors was to describe the character and extent of his illness rather than to prescribe a limitation upon his conduct.

Following the view that the term "continuous confinement within doors" merely expresses a degree of disability requisite for recovery are the following cases: *Suits v. Old Equity Life Insurance Company*, 249 N. C. 383, 106 S. E. (2d) 579, 581; *Mutual Benefit Health and Accident Association v. McDonald*, 73 Colo. 308, 215 P. 135. Also see cases cited in 29 A. L. R. (2d), § 4, page 1420.

Due to the fact that the policy contains a provision for non-confining illness, as well as the one which respondent seeks to invoke, the appellant argues that the latter should receive a strict construction. It cites numerous cases in support of its position. In none of the cited cases, or any others which have come to our attention, has any court placed an unnatural construction upon a house confinement clause merely because the policy contained further clauses. In every case the court sought the meaning which the insurance company should have known a prospective purchaser would place upon its phraseology. 44 C. J. S., Insurance, § 294, page 1159.

The appellant also insists that the policy is not ambiguous, however, it admits that clauses similar to the one under consideration have received construction tending to support the respondent's view.

In the instant case the insured took out this policy as an indemnity against loss of time in case of total disability to pursue his usual activities. That is what the insured paid his premiums for and that is the principal object of the contract. To strictly construe this provision would require that the insured stay continuously within the four walls of his house.

The clause under consideration is not a bed confinement clause; it does not employ the words "absolutely", "necessarily", nor the words "continuous confinement within doors, not leaving at any time or for any purpose whatsoever". There are many decisions in line with the liberal view and this court is inclined towards the rule of a liberal construction of such provisions in favor of the insured. *Peace v. Southern Life & Trust Company*, 171 S. C. 102, 171 S. E. 475; *Vickery v. American National Insurance Company*, 224 S. C. 549, 80 S. E. (2d) 233; 9 Words and Phrases p. 335; 29 A. L. R. (2d) § 4, page 1415; 49 A. L. R. 965; *Purcell v. Washington Fidelity National Insurance Company*, 146 Or. 475, 30 P. (2d) 742.

In the *Peace case, supra,* which involved a bed confinement clause, the insured went out of the house to walk short distances and had gone to the office of his doctor. This court held that the trial court was in error in directing a verdict for the insurer, and that it was a question for the jury.

In the case of *Cooper v. Phoenix Accident and Sick Benefit Association,* 141 Mich. 478, 104 N. W. 734, it involved the clause "necessarily, entirely and continuously confined to the house", where the insured, whose finger had been amputated, stated that he was not confined to the house and testified that he not only visited his doctor's office but went to the post office, the drugstore, and to the hotel, the court held that this made a question for the jury. Also see *Republic Life & Accident Insurance Company v. Gambrell,* 248 Ky. 63, 58 S. W. (2d) 219.

In the case at bar there is no evidence that during the period of time involved the insured was able to resume the ordinary duties or pleasures of life, and the fact that at intervals he may step into his yard or make visits to his physician's office and other short and unusual trips is not sufficient in itself, within the meaning of the insurance contract in question, to say as a matter of law that the insured was not continuously confined within doors and regularly attended therein by a licensed physician.

And, finally, the appellant complains of error in the trial judge's charge.

We have reviewed the entire charge of the trial judge and it is our opinion that he properly charged all principles of law applicable to this case, and we find the charge to be fair and free of error.

Judgment affirmed.

TAYLOR, C. J., and OXNER and MOSS, JJ., concur.

LEWIS, J., disqualified.