RAYMOND L. DUKE v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK (A NEW YORK CORPORATION)

No. 101

(Filed 11 December 1974)

1. Insurance § 6— unambiguous terms of policy — enforcement

   Where the language of an insurance policy is plain, unambiguous and susceptible of only one reasonable construction, the courts will enforce the contract according to its terms.

2. Insurance § 42— disability insurance — regular care of physician requirement

   In an action for disability insurance benefits, under an extended coverage clause which required the insured to be under the regular care and attendance of a legally qualified physician, a jury finding that the claimant's disability did not require him to be under such care excluded the coverage and required the court to dismiss the claim.

ON *certiorari* to the North Carolina Court of Appeals to review its decision filed July 17, 1974, awarding a new trial in

the action which *Judge Hobgood* dismissed by reason of the jury's verdict returned at the October 1, 1973 Session, WAKE Superior Court.

The plaintiff, Raymond L. Duke, instituted this civil action against the defendant, The Mutual Life Insurance Company of New York, to recover insurance benefits on account of injury by accident resulting in his total disability. The facts are not in dispute. The total disability provisions in the policy provided payments of $400.00 per month for twenty-four months. The policy by rider attached, provided that if at the end of the temporary disability period, as provided in the policy, the insured is totally and continuously disabled, directly and independently of all other causes, as a result of the same accidental bodily injury which has caused his total disability so that he can perform no duties pertaining to any occupation for remuneration or profit for which he is or may be qualified by education, training, or experience, the company will continue to pay disability income benefits in the same amount during the further continuation of the disability described in paragraph (3) of the policy, provided that "(a) such disability requires the insured to be under the regular care and attendance of a legally qualified physician other than himself."

The record discloses that the insurance policy was issued in 1961. Some time later the rider, extending the coverage, was attached. The insured sustained disabling injuries in two accidents occurring on June 9, 1967, and on January 8, 1968. The insured at the time of the accidents was fifty-five years of age. The injuries involved the plaintiff's left knee. The medical treatment culminated in the removal of his kneecap. Thereafter, the plaintiff was unable to follow his former occupation of railroading. As his medical treatment tapered off, his condition became static. The defendant stopped the payments, and the plaintiff then instituted this action. After the plaintiff's condition became static, his doctor testified that he had talked to the plaintiff on occasion over the telephone, but had no record of the nature of the call or the advice given. He had not prescribed any medication, provided any treatment, or attended the insured during the period following October 1, 1969.

The parties agreed on these issues to be submitted to the jury:

"1. During the period April 12, 1970 to September 12, 1972 was the plaintiff wholly and continuously disabled,

directly and independent of all other causes as the result of accidental injuries so that he could perform no duties pertaining to any occupation for remuneration or profit for which he was, or might have been, reasonably qualified by education, training or experience?

"2. If so, did plaintiff's disability require him to be under the regular care and attendance of a legally qualified physician during the period from April 12, 1970, to September 12, 1972?"

The jury answered issue No. 1 "Yes" and issue No. 2 "No." From the judgment on the verdict dismissing the action and taxing the plaintiff with the costs, the plaintiff appealed.

The Court of Appeals, 22 N.C. App. 392, 206 S.E. 2d 796, awarded a new trial. This Court granted certiorari.

*Dixon and Hunt by Daniel R. Dixon, Blanchard, Tucker, Denson & Cline by Charles F. Blanchard for plaintiff appellee.*

*Smith, Anderson, Blount & Mitchell by Michael E. Weddington for defendant appellant.*

HIGGINS, Justice.

The parties agreed that two questions of law are involved in this appeal. The first question (involving exceptions and assignments of error) is procedural and in view of our decision on the second question, becomes immaterial and need not be discussed. The second issue is determinative of the controversy: Did plaintiff's disability require him to be under the regular care and attendance of a legally qualified physician during the period from April 12, 1970, to September 12, 1972? The jury answered "No." The finding is conclusive and establishes the fact that the plaintiff was not under the care of a qualified physician during the critical period. On the basis of the jury's finding, Judge Hobgood entered judgment dismissing the action.

The Court of Appeals reversed the judgment of the superior court on this ground: A clause in an insurance policy requiring regular medical treatment is inapplicable when such treatment would not improve the insured's condition. The Court of Appeals cites considerable authority and advances somewhat appealing argument why medical care and attendance should not be required if the treatment does not improve insured's condi-

tion. This argument meets itself coming back, in view of the plain words of the contract. The insured's disability is not compensable unless "such disability requires the insured to be under the regular care and attendance of a legally qualified physician other than himself." The lack of need, whether based on recovery, or on a static condition rendering care and attention of no efficacy, places the insured beyond the field of coverage.

Plaintiff's counsel argues that this Court should join the Court of Appeals and a number of other courts in striking from the policy the provision which requires the insured to be under the regular care and attendance of a legally qualified physician.

Appellate courts generally, including this Court, hold that insurance policies, when construction is required, should be construed most strongly against the insurance company. Lawyers write policies for their companies. They are skilled in insurance law. Consequently, it is proper that in cases of ambiguity, contradiction, or uncertainty of the language used, the terms should be construed most strongly against the insurer. If a provision in the policy is reasonably susceptible of different interpretation, that which is most favorable to the insured should be accepted. *Insurance Co. v. Insurance Co.*, 269 N.C. 358, 152 S.E. 2d 513; *Electric Co. v. Insurance Co.*, 229 N.C. 518, 50 S.E. 2d 295.

[1] After all, an insurance policy is a contract between two parties—the insurer and the insured. The intention of the parties is the controlling guide to its interpretation. This intention must be found in the language used by the parties to the contract. *Gaulden v. Insurance Co.*, 246 N.C. 378, 98 S.E. 2d 355. The rule for interpretation applies where the language of the policy is ambiguous or susceptible of more than one interpretation. "However, it is generally held, certainly by this Court, that where the language of an insurance policy is plain, unambiguous, and susceptible of only one reasonable construction, the courts will enforce the contract according to its terms." *Walsh v. Insurance Co.*, 265 N.C. 634, 144 S.E. 2d 817. 84 A.L.R. 2d 375; *Hardin v. Insurance Co.*, 261 N.C. 67, 134 S.E. 2d 142; *Parker v. Insurance Co.*, 259 N.C. 115, 130 S.E. 2d 36; *Suits v. Insurance Co.*, 249 N.C. 383, 106 S.E. 2d 579.

[2] The Court of Appeals reversed the judgment of the superior court in this case upon the ground that the trial court

should have instructed the jury that plaintiff was not required to be under the regular care and attendance of a physician unless regular medical care could have brought about an improvement in his condition. Such instruction would change the provision of the contract which is stated in plain, simple, and unambiguous language. The coverage for twenty-four months had expired and the defendant had paid without question.

Thereafter, the extended coverage provision became applicable only if the disability required the insured to be under the regular care and attendance of a legally qualified physician. Obviously, a doctor's regular care and attendance would not be required if that care and attendance were of no avail. But when need for care and attendance ceased, the coverage ceased, according to the plain language of the policy. The jury so found.

The contract of the parties limited extended coverage to a condition which required the care and attendance of a qualified physician. Both parties joined in making the condition a part of the contract. One alone cannot remove or change it. As this Court said in *Walsh v. Insurance Co., supra:* "The parties having thus agreed, so shall they be bound."

For the reasons herein discussed, the decision of the Court of Appeals is

Reversed.