0446

Norvell B. POSTON, Respondent, v. WORLD INSURANCE COMPANY, Appellant.

(329 S. E. (2d) 452)

Court of Appeals

*Robert L. Kilgo*, Darlington, *for appellant.*

*S. Porter Stewart, II* and *June O. Yarborough*, Florence, *for respondent.*

Heard Feb. 18, 1985.

Decided April 22, 1985.

SHAW, Judge:

Respondent Norvell B. Poston brought this action against appellant World Insurance Company to recover disability benefits under the "continuous confinement" provision of his policy. The jury returned a verdict for Mr. Poston. We consider two issues: did the trial court err in (1) denying World Insurance's motions for nonsuit and directed verdict, and (2) defining confining "total disability" in its instructions? We affirm.

In an action at law, on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to the correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings. *Townes Associates, Ltd., v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976); *Willis v. Floyd Brace Co., Inc.*, 279 S. C. 458, 309 S. E. (2d) 295, 297 (Ct. App. 1983).

Mr. Poston is sixty years old; he has been farming since he finished ninth grade. In 1980 Mr. Poston suffered a heart attack and underwent open-heart surgery. In 1969 he had bought a World Insurance policy with the following provision:

Confining Total Disability Benefits for Life. If such sickness causes continuous total disability and total loss of time, and requires continuous confinement within doors and the regular and personal attendance of a

licensed physician, surgeon, osteopath or chiropractor, other than the Insured, the Company will pay periodically benefits for one day or more, at the rate of the Monthly Benefit stated in the Policy Schedule, beginning with the first medical treatment during disability so long as the Insured lives and is so disabled and confined.

## I.

An issue is for the jury if there is sufficient evidence to establish it in the mind of a reasonable juror. *Brave v. Blakely*, 250 S. C. 353, 157 S. E. (2d) 726 (1967). For purposes of this determination the evidence is viewed in the light most favorable to the non-moving party. *Id.* Mr. Poston presented evidence muscle spasms and intense pain make it hard for him to do any work or walk as much as his doctor ordered. He has been hospitalized at least twice since surgery and continues to see a doctor. Nevertheless, when he is able he walks half a mile each day. He has carried a load of feed once, and he has driven to a farm to see tobacco being stored three times. He has visited his children several times, but three of his four children practically live on his property, and the fourth lives near his doctor. He has been fishing several times, but all except once at a pond apparently on his land. World Insurance paid him seven months under the confining disability provision and the twelve months maximum under a non-confining disability clause. The company refuses to continue paying for confining disability.

The Supreme Court has refused to interpret "continuous confinement" provisions narrowly. In *Shealy v. United Insurance Co. of America*, 239 S. C. 71, 121 S. E. (2d) 345 (1961), the court stated: "[G]enerally literal compliance with such requirements in an insurance policy is not a prerequisite to recovery. We think the purpose of the provision relative to the insured's being continuously confined within doors was to describe the character and extent of his illness rather than to prescribe a limitation upon his conduct." *See also Tyler v. United Insurance Co. of America*, 243 S. C. 114, 132 S. E. (2d) 269 (1963); *Martin v. Pilot Life Insurance Co.*, 267 S. C. 388, 228 S. E. (2d) 550 (1976). Nevertheless, World Insurance contends Poston is not "con-

tinously confined" as the phrase was construed in *Price v. United Insurance Co. of America*, 254 S. C. 301, 175 S. E. (2d) 221 (1970). In *Price* the court reversed a verdict for the insured because he left his home primarily for personal or business reasons, and he visited a doctor only four times in five years. However, in this case, Mr. Poston visits doctors frequently and most of his outside activities are recommended for therapy. Therefore, the trial court correctly denied the insurer's motions for nonsuit and directed verdict.

## II.

World Insurance also contends the trial court erred in defining confining "total disability" in terms of economic loss. In its instructions the court stated:

Total disability within the meaning of an insurance provision covering such condition does not mean absolute helplessness; and the insured — that is the plaintiff — may recover under such indemnity — that is the policy provision — where he is unable to do substantially or materially acts necessary to perform his occupation in the customary manner or an occupation or employment for which he is reasonably fitted and that rationally approaches the same livelihood and standard of living which he enjoyed prior to his sickness.

The court's charge is taken directly from two cases. In the first the Supreme Court stated, "Total disability, within the meaning of an insurance provision covering such condition, does not mean absolute helplessness, and insured may recover under such indemnity where he is unable to do substantially all material acts necessary to perform his occupation in the customary manner." *Shealy*. In the second the court held one is totally disabled unless he can perform work "for which he is reasonably fitted" and "rationally approach the same livelihood and standard of living which he enjoyed prior to his injury." *Dunlap v. Maryland Casualty Co.*, 203 S. C. 1, 25 S. E. (2d) 881 (1943). Therefore, the court correctly defined "total disability."

Affirmed.

SANDERS, C. J., and BELL, J., concur.